DANIEL CONNOLLY, PLAINTIFF IN ERROR, V. EDWIN GIDDINGS AND C. D. B. EISAMAN, DEFENDANTS IN ERROR.

1. **Forcible Entry and Detention.** In an action of forcible entry and detainer, where the defendant pleaded that he had erected a bake oven and building on the lot at a cost of $500 under an agreement with the lot owner that he would pay him the actual cost of such bake oven and building at any time he desired to give up possession, and that in pursuance of said contract he offered to take $400 for said improvements, which the lot owner refused to pay, *Held*, Upon the facts stated, not to constitute a defense.

2. ———: STATUTE OF FRAUDS. The contract above mentioned might have been performed within one year, and therefore was not void under the statute of frauds because it was not in writing, and an action could be maintained thereon and the value of the property recovered.

3. **Real Estate Deed, When a Mortgage:** LEASE. Where the owner of real estate executes an absolute deed as security for the payment of money, and receives a defeasance in writing, the transaction is a mere mortgage, and the mortgagor, in the absence of a contract to the contrary, is entitled to retain possession of the property; and a lease executed by the grantee in the deed will not entitle the lessee to the possession.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Uttley, Benedict & Sisley,* for plaintiff in error, cited: 3 Parsons on Contracts, 7 Ed., *p. 34, notes u, v, and

i, and *36, notes g and q.    *Peters v. Jones,* 35 Iowa, 512.
Story's Equity Jurisprudence, Secs. 559, 560, 561, and
788.   *Ecke v. Fetzer,* 26 N. W. Rep., 266.   *Bailie v.
Rodway,* 27 Wis., 172.   Jones on M., 339.   *Freidder v.
Darring,* 59 Barb., 651.   *McCarthy v. McCarthy,* 36
Conn., 177.   *McAusland v. Pundt,* 1 Neb., 211.   Tay-
lor's Landlord and Tenant (8 Ed.), Secs. 180, 629, 708.
*Binney v. Chapman,* 5 Pick., 124.   *Grunden v. Carter,*
99 Mass., 15.   Bigelow on Estoppel, 4 Ed., 459.   *Emmes
v. Feeley,* 132 Mass., 346.

*Cleveland & Meals,* for defendants in error, cited:   3
Parsons on Contracts, 36.   Taylor's Landlord and Ten-
ant, 62.   Story's Equity, Sec. 1019.

MAXWELL, J.

This is an action of forcible entry and detainer, brought
by the defendants in error, before the county judge of
Holt county, against plaintiff in error, to recover posses-
sion of certain lots situate in the village of O'Neill, which
he alleges were wrongfully detained by plaintiff in error.
Plaintiff in error, answering his complaint, *First,* denies
each and every material allegation therein contained and
not specially admitted.    *Second,* he alleges that on or
about May 1, 1885, he went into possession of a portion
of lot 16 in block 17, in the village of O'Neill, the premi-
ses in controversy, to-wit, twenty feet off the west portion
of said lot 16, under a verbal agreement with said plaint-
iffs, or with one of them, to-wit, Edwin Giddings, the
terms of which agreement were as follows:    Plaintiff in
error was to erect upon said lot a bake oven and bakery
building, and was to have the use of said lot free of rent,
and in further consideration of the erection of said bake
oven and bakery, defendants in error were to pay plaintiff
in error the actual cost of said bake oven and building at
any time thereafter at which plaintiff in error should de-

sire to give up possession of the same. Plaintiff in error further alleges that, in accordance with said agreement, he built a bake oven and bakery upon said premises, at a cost of $500, and that, in accordance with the terms of said agreement, he has several times since offered to sell the same to defendants in error for $400, or at a loss of $100, and to leave said premises. Plaintiff in error further alleges that, he was at that time, and still is, ready and willing to carry out said agreement, and surrender the possession of said premises upon the payment to him of said sum of $400, but that defendants have entirely refused, and still refuse, to fulfill the said contract on their part.

As a second and further defense, defendant alleges that, on or about the 22d of May, 1885, the defendants in error, by good and sufficient warranty deed, conveyed said premises and all their right, title, and interest therein to one E. F. Gallagher, and that on or about the 14th day of August, 1885, the said E. F. Gallagher, by a good and sufficient warranty deed, conveyed said premises to Hugh J. Gallagher, both of which deeds are of record in the office of the county clerk of Holt county, Nebraska. That on or about September 15th, the plaintiff entered into an oral agreement with said Hugh J. Gallagher for the use of said premises, and now holds the same by virtue of said agreement with said Hugh J. Gallagher, and asks that said action may be dismissed, and that he recover his costs.

The contract in regard to the bake oven does not seem to be set up as defense to this action. If Giddings agreed to purchase the bake oven and other property, he no doubt may be compelled to do so at a fair price.

The defendant's attorneys contend that the contract was not to be performed in one year from its date, and that therefore it is void under the statute of frauds. There was nothing in the nature of the contract to prevent it being performed in three months, or six months, or at any time within a year. The contract, therefore, is not void, and

no doubt an action may be maintained thereon to recover the value of the property. In any event, if the facts are as stated, Giddings will not be permitted to retain the property without paying for the same.

2d. The plaintiff in error claims possession under one E. F. Gallagher, who had obtained a deed for the property from Giddings and Eisaman. This deed, though absolute in form, was accompanied by a defeasance in writing and a promissory note, and is a mere mortgage; and under our statutes the mortgagor is entitled to the possession of the mortgaged property until foreclosure and sale, where there is no contract to the contrary. Gallagher, therefore, was unable to give the plaintiff a lease of the premises, and the plaintiff acquired no right of possession thereby.

It is contended on behalf of the plaintiff that the court had no jurisdiction, because the title of the property was drawn in question. We do not think the title of the property was involved. While a justice of the peace or county judge cannot decide controverted questions of title, yet he may receive deeds, mortgages, or other evidence for the purpose of determining the right of possession. A restriction upon this right might be productive of great injustice. The court, therefore, had jurisdiction, and the judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.