F. G. KIENE v. CHARLES SHAEFFING.

[FILED SEPTEMBER 22, 1891.]

1. **Statute of Frauds:** PERFORMANCE WITHIN A YEAR. A verbal contract of employment, to be void by the statute of frauds, must be one that from its terms the parties did not intend should be completed within the year.

2. **A contract of employment** from month to month, although continued for three and a half years, is not within the statute.

ERROR to the district court for Boone county. Tried below before TIFFANY, J.

*Charles Riley*, for plaintiff in error, cited: *Peter v. Compton*, 1 Smith's Lead. Cas. [8th Am. Ed.], 614; Brown, Stat. of Frauds [4th Ed.], 332; 3 Parsons, Cont. [6th Ed.], 39, 57; *Stone v. Dennison*, 13 Pick. [Mass.], 1.

*James S. Armstrong,* and *I. L. Albert, contra,* cited: *Connolly v. Giddings,* 24 Neb., 131; *Walker v. R. Co.,* 1 S. E. Rep. [S. Car.], 336; *Bullock v. Turnpike Co.,* 3 S. W. Rep. [Ky.], 129; *R. Co. v. Scott,* 10 S. W. Rep. [Tex.], 99; 1 Addison, Cont. [Am. Ed.], 318, sec. 212.

MAXWELL, J.

This action was brought by the plaintiff against the defendant to recover the sum of $190 excess of money paid for wages unearned. An itemized copy of the account is set out in the petition.

The defendant in his answer " admits that he received the various items of account set out in the plaintiff's petition, and that he performed the services therein mentioned. But the defendant avers that the said services were rendered upon an oral contract entered into by and between the plaintiff and the defendant, whereby it was mutually agreed and understood between said parties that the defendant was to perform the services for the plaintiff set out in said petition in the itemized account thereto attached, and the defendant was to receive therefor the sum and the agreed price of $25 per month, and that for the said services as set out in said itemized account there remains a balance due and owing to this defendant the sum of $20 after allowing all just credits." On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered dismissing the action.

The testimony shows that in August, 1885, the defendant began to work for the plaintiff as a farm hand, at $25 per month. On this point there is no dispute. He continued in the service of the plaintiff for forty-two months. Upon this point there is no controversy, neither is there any dispute as to the amount of money which the plaintiff has paid to the defendant—the aggregate being $1,031.85.

The plaintiff contends that there were two contracts;

that after the expiration of the first month's service the parties made a new contract whereby the defendant was to have steady work and continue in the plaintiff's employment at $20 per month. The contract was oral.

The plaintiff asked the following instruction: "You are instructed that an oral contract which by its terms cannot be performed within one year is void. If, therefore, you find from the evidence that a contract was made between the plaintiff and the defendant, not in writing, by the terms of which the defendant was to work for the plaintiff for a longer time than one year, the defendant would be entitled only to such compensation as his services were reasonably worth; the value of such services in that case you are to determine from the evidence, and if less than the amount defendant has received from the plaintiff, you will find for the plaintiff and assess his damages at the amount of the excess so received." This the court refused to give, and such refusal is now assigned for error and is the principal ground on which a reversal is sought.

The instruction was properly refused. The statute only applies to contracts which cannot be fully performed according to the intent of the parties, within the year. To be void the contract must be one that by its very terms shows that it was not to be completed within the year. (*Fenton v. Emblers*, 3 Burr. [Eng.], 1278; *Boydell v. Drummond*, 11 East [Eng.], 142; *Roberts v. Tucker*, 3 Exch. [Eng.], 632; *Eley v. Positive, etc., Co.*, L. R. 1, Ex. Div. [Eng.], 20; *Giraud v. Richmond*, 15 L. Jour. [Eng.], 180; *In re Pentreguinea Coal Co.*, 4 De G., F. & J.[Eng.], 541; *Walker v. Johnson*, 96 U. S., 424; *Hinkle v. Fisher*, 104 Ind., 84; *N. F. Ins. Co. v. Greene*, 77 Id., 590; *Saunders v. Kastenbine*, 6 B. Mon. [Ky.], 17; *Farwell v. Tillson*, 76 Me., 227; *Lawrence v. Cook*, 56 Id., 187; *Herrin v. Butters*, 20 Id., 110; *Linscott v. McIntire*, 15 Id., 201; *Somerby v. Buntin*, 118 Mass., 279; *Chaffe v. Benoit*, 60 Miss., 34; *Kimmins v. Oldham*, 27 W. Va., 258; *Day v. N. Y. C. R.*

*Co.*, 22 Hun [N. Y.], 412; 8 Am. & Eng. Ency. of Law, 688.)

A somewhat similar question was before the supreme court of Minnesota in *La Du-King Mfg. Co. v. La Du,* 31 N. W. Rep., 938. In that case there was an oral contract of employment for five years, which was terminated on account of sickness in two years. The court held that although the contract was void, yet in so far as it had been voluntarily executed, the terms thereof would govern as to the compensation. In the case at bar, so far as appears, the employment was from month to month, and the contract could have terminated at the expiration of any month. The fact that the defendant continued in the plaintiff's employment for three years and a half, does not of itself make the contract one for more than a year. The contract could have been performed within a year and is not void, and the only real question at issue between the parties is in relation to the second contract claimed by the plaintiff.

The jury found for the defendant on this question, and as the evidence on that point is conflicting and nearly equally balanced, the verdict will not be set aside. The judgment is therefore

AFFIRMED.

THE other judges concur.