KANSAS CITY, WYANDOTTE & NORTHWESTERN RAILROAD COMPANY v. ANDREW J. CONLEE.

FILED DECEMBER 5, 1894.   No. 5222.

1. **Depositions.**  Either party to a suit may commence taking testimony by deposition at any time after service upon the defendant in such action.  (Code Civil Procedure, sec. 373.)

2. **Continuance.**  Suit was brought and service had on defendant in August, 1890.   March 27, 1891, the defendant applied for a continuance, on the ground of the absence from the state of a witness whose testimony was material for the defendant.   The witness did not reside within the jurisdiction of the court when the suit was brought, and defendant had made no effort to procure the witness' deposition.   *Held,* That the overruling of the application for a continuance by the district court was correct.

3. **Ruling on Motion for Continuance:** REVIEW.   The ruling of a district court on a motion for a continuance will not be disturbed unless it is manifest the court abused its discretion, and the litigant, himself guiltless of negligence or laches, was thereby deprived of an opportunity to make his case or defense.

4. **Parol Contract of Employment:** CONSTRUCTION: STATUTE OF FRAUDS.   On December 19, 1889, a railroad company and one Conlee entered into an oral agreement, by the terms of which the former employed the latter, and he agreed to serve the railroad company for one year at $150 per month, service to

begin January 1, 1890. The railroad company refused Conlee
employment and he sued it for damages.   *Held*, (1) That as the
contract rested entirely in parol and was impossible of consum-
mation within a year from the date of its making, it was within
subdivision 1, section 8, chapter 32, statute of frauds, and void-
able at the option of either party thereto ; (2) that the fact that
Conlee was to be paid for his year's services "at the rate of $150
a month" did not make the contract of employment one from
month to month or by the month.   *Kiene v. Shaeffing*, 33 Neb.,
21, distinguished.

ERROR from the district court of Gage county.   Tried
below before APPELGET, J.

The facts are stated by the commissioner.

*M. Summerfield, S. Rinaker,* and *R. S. Bibb,* for plaintiff
in error:

It was an abuse of discretion for the trial court to overrule
the motion for a continuance. *(Johnson v. Mills,* 31 Neb.,
524; *Beatrice Sewer Pipe Co. v. Irwin,* 30 Neb., 86; *Miller
v. State,* 29 Neb., 437.)

The evidence shows that the alleged contract was void
under the statute of frauds, being an oral contract which
by its terms was not to be performed within a year.
*(Kleeman v. Collins,* 9 Bush [Ky.], 460; *Tuttle v. Sweet,*
31 Me., 555; *Drummond v. Burrell,* 13 Wend. [N. Y.],
307; *Meyer v. Roberts,* 46 Ark., 80; 8 Am. & Eng. Ency.
Law, 686; *Blanck v. Littell,* 9 Daly [N. Y.], 268; *McEl-
roy v. Ludlum,* 32 N. J. Eq., 828; *Levison v. Stix,* 10 Daly
[N. Y.], 229; *Salb v. Campbell,* 27 N. W. Rep. [Wis.],
45; *Wilkinson v. Heavenrich,* 26 N. W. Rep. [Mich.], 139;
*Reid v. Kenworthy,* 25 Kan., 701; *Baxter v. Bishop,* 22
N. W. Rep. [Ia.], 685.)

*Alfred Hazlett, contra,* cited, as to the statute of frauds:
*Dugan v. Anderson,* 36 Md., 585; *Pinckney v. Talmage,*
10 S. E. Rep. [S. Car.], 1083; *Kiene v. Shaeffing,* 33 Neb.,
21.

RAGAN, C.

A. J. Conlee sued the Kansas City, Wyandotte & Northwestern Railroad Company (hereinafter called the "Railroad Company") in the district court of Gage county. Conlee had a verdict and judgment and the Railroad Company prosecutes to this court proceedings in error.

Conlee in his petition in the court below alleged: "That on the 19th day of December, 1889, the plaintiff, at defendant's request, agreed with the defendant to enter into its employment for a period of one year, commencing on January 1, 1890, as a clerk in the offices of said defendant in the city of Kansas City, Kansas, and as general commercial agent for the defendant, who is operating a line of railroad from Kansas City to the city of Beatrice, Nebraska, at the rate of $150 per month. The defendant then employed the plaintiff as aforesaid and agreed to pay him for said services the sum above stated. On the 1st day of January, 1890, and many times since said date, he requested the defendant to receive and retain him in such services for the wages above set forth, and the defendant refused and still refuses so to do." The answer to this petition was a general denial and a plea of the statute of frauds. Of the errors assigned by the Railroad Company we notice only two.

1. The first assignment of error is that the district court erred in overruling the application of the Railroad Company for a continuance of the case. The petition in this case was filed on the 15th day of August, 1890. The railroad company demurred to this petition on the 26th of December, 1890, and on the 9th day of March, 1891, filed its answer. The application for a continuance was filed on the 27th day of March, 1891. The grounds upon which was based the affidavit for a continuance were that one Erb was the general manager and vice-president, and one Summerfield the superintendent of the Railroad Company; that they

were the parties and the only parties who had any author-
ity to make the contract of employment sued upon by Con-
lee; and the affidavit filed in support of the motion for a
continuance further stated that the maker of the affidavit
was informed and believed that Conlee claimed and would
testify that he made the contract of employment pleaded
by him, with either Erb or Summerfield or both of them;
and that said last named parties were material witnesses
for the Railroad Company, and would testify that they did
not make the contract sued on by Conlee, and that they
were then, March 27, 1891, and had been for some weeks,
either in Kansas City, Kansas, or in New York. Section
373 of the Code of Civil Procedure provides: "Either
party may commence taking testimony by depositions at any
time after service upon the defendant." The Railroad
Company did not avail itself of this provision of the stat-
ute to take the depositions of Summerfield and Erb, or
either of them, nor did it make any effort to take their
depositions, although abundant time had elapsed from
August 15, 1890, to do so. The affidavit in support of
the application for a continuance did not show that the
Railroad Company had used reasonable diligence or any
diligence whatever to obtain the evidence of Erb and Sum-
merfield, or either of them, and the court did not err in
overruling the application to continue the case. An appli-
cation for a continuance of a cause is addressed to the sound
legal discretion of the trial court, and its ruling thereon
will not be disturbed, unless it clearly appears that such
discretion has been abused, and that by the refusal of the
continuance a party has been without his fault deprived of
an opportunity of making his case or defense (*Singer Mfg.
Co. v. McAllister*, 22 Neb., 359); and a district court does
not abuse its discretion in overruling an application for a
continuance when it does not clearly appear that the party
asking for the continuance has used reasonable diligence to
procure the evidence on account of which he asks for the
continuance of the case.

2. The second assignment of error which we notice is that the verdict and judgment are contrary to the law of the case. Subdivision 1 of section 8, chapter 32, Compiled Statutes, 1893, provides that every agreement that by its terms is not to be performed within one year from the making thereof shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith. There is no claim in this case by Conlee that the contract upon which he sues was in writing, but he sues upon an oral contract made with the railroad company on the 19th day of December, 1889; by the terms of which contract the railroad company employed him for the period of one year, commencing January 1, 1890; by the terms of which contract he, Conlee, agreed to serve the railroad company for a year from the 1st of January, 1890, at the rate of $150 a month. Is this contract within the statute just quoted? In *Drummond v. Burrell*, 13 Wend. [N. Y.], 308, a party contracted by parol to work for another for the term of two years, for which he was to receive $100, or $50 per year. It was held that as the contract by its terms was not to be performed and could not possibly be performed within one year, it was within the statute. In *Salb v. Campbell*, 27 N. W. Rep. [Wis.], 45, the contract was for a hiring for a term of four years from the 1st of February, 1881, at $3.50 a week for the first year, $5 a week for the second year, $6.50 a week for the third year, and $8 a week for the fourth year, and it was held that such contract was within the statute. (See, also, *McElroy v. Ludlum*, 32 N. J. Eq., 828.) We think, therefore, that since the contract sued upon rested entirely in parol and was impossible of consummation within a year from the date of its making, it is therefore within the statute of frauds and voidable. Counsel for Conlee, if we understand his argument, insists that since by the terms of the contract his client was to be paid at the rate of $150 per month, the

contract was a hiring by the month. We are unable to give the contract this construction. Conlee himself testified on the trial that "I was to work for them a year, commencing the 1st of January, 1890, at $150 a month." In *Kiene v. Shaeffing*, 33 Neb., 21, it is said: "A verbal contract of employment, to be void by the statute of frauds, must be one that from its terms the parties did not intend should be completed within a year." And it is also said in that case: "A contract of employment from month to month, although continued for three and one-half years, is. not within the statute." (See, also, *Powder River Live Stock Co. v. Lamb*, 38 Neb., 339.) In the case at bar, however, we are constrained to hold that by the terms of the contract between them neither the railroad company nor Conlee intended that such contract should be completed within a year from the date it was made; and that the contract was not an employment from month to month nor by the month, but a contract for one year from January 1, 1890. The verdict and the judgment are contrary to the law of the case, and the judgment of the district court is reversed and the case remanded.

REVERSED AND REMANDED.