Carter White Lead Co. v. Kinlin.

IRVINE, C.

CARTER WHITE LEAD COMPANY V. PETER KINLIN.

FILED MARCH 4, 1896.  No. 6287.

1. Instructions: FAILURE TO REQUEST: REVIEW. In order to present for review the failure of the trial court to instruct the jury upon particular issues or evidence in a case, the party complaining must have requested instructions on the omitted topics.

2. Contract of Employment: DAMAGES: STATUTE OF FRAUDS. A contract whereby one, in consideration of the release of a claim for damages against him, agrees to employ

the claimant at certain wages so long as the works of the first are kept running, or until the other shall see fit to quit, is not void either for uncertainty, for want of mutuality, or as within the statute of frauds.

3. **Statute of Frauds:** TIME TO PERFORM CONTRACT. A contract not to be performed within one year, as meant by the statute of frauds, is one which by its terms cannot be performed within one year. A contract is not within the statute merely because it may or probably will not be performed within a year.

4. **Contract of Employment:** TIME: OPTION TO TERMINATE. One party to a contract may obligate himself for a definite or an indefinite period, not depending on his own acts, and the other party may at the same time have the option of terminating it at his will. A contract upon sufficient consideration is not void for that reason.

5. ———: CONSIDERATION: DAMAGES. In order to sustain a contract which has for its consideration the release of a claim for damages against the promisor it is not necessary that the claim should be one which on litigation would have proved valid.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

The facts are stated by the commissioner.

*E. J. Cornish* and *W. T. Nelson,* for plaintiff in error:

In instructing the jury the court erred in omitting essential elements of the case. (*Hale v. Sheehan,* 36 Neb., 439; *City of Plattsmouth v. Boeck,* 32 Neb., 297; *City of York v. Spellman,* 19 Neb., 385; *Nelson v. Johansen,* 18 Neb., 183; *Gilbert v. Merriam & Roberson Saddlery Co.,* 26 Neb., 194; *Bowie v. Spaids,* 26 Neb., 635; *Runge v. Brown,* 23 Neb., 817.)

The contract is void for want of mutuality. (*Stiles v. McClellan,* 6 Colo., 89; *Townsend v. Fisher,* 2 Hilton [N. Y.], 47; *Ewins v. Gordon,* 49 N. H., 444; *Boyce v. Berger,* 11 Neb., 399; *Pennsylvania Co. v. Dolan,* 32 N. E. Rep. [Ind.], 802.)

*Smith & Sheean, contra:*

If any instruction is vague or indefinite, plaintiff in error waived the right to object thereto by failing to request a more specific charge. (*Klosterman v. Olcott*, 25 Neb., 383; *Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Burlington & M. R. R. Co. v. Schluntz*, 14 Neb., 425; *Dunbar v. Briggs*, 13 Neb., 332.)

The contract relied on is a legal one and binding on both parties. (*Hobbs v. Brush Electric Light Co.*, 75 Mich., 550; *Pennsylvania Co. v. Dolan*, 6 Ind. App., 109.)

IRVINE, C.

The assignments of error relied on by the plaintiff in error relate to the giving of instructions and to the sufficiency of the evidence. It is not contended that any of the instructions misstated the law, but the complaint is that they omitted certain features of the case upon which the jury should have been instructed, both in stating the issues and the law applicable thereto. For the most part these assignments clearly fall within the rule that a failure to fully instruct the jury upon the issues and law of the case is not open to review, unless the party complaining requested instructions on the omitted topics. (*Barr v. City of Omaha*, 42 Neb., 341; *Carleton v. State*, 43 Neb., 373; *Post v. Garrow*, 18 Neb., 682.) It is, however, claimed that by two instructions the court endeavored to cover all the facts essential to a recovery; and that omissions of essential facts in these instructions rendered them erroneous, without such request. We do not think that the instructions referred to severally or jointly were of the char-

acter which renders that rule applicable. The action was by Kinlin against the Carter White Lead Company, which we shall hereafter term the "company," the petition alleging that on the 23d of November, 1891, a contract had been made between the parties whereby the company agreed to employ plaintiff, and pay him $2.50 per day while working in the smelting department, and $2 per day while elsewhere employed, and to so give him employment as long as the works were kept running, or until the plaintiff saw fit to quit, in consideration whereof Kinlin agreed to so work for the company, and to release a claim for damages against the company, which was then in litigation between them. Kinlin, in the first count of his petition, alleged that he had been wrongfully discharged, in violation of such contract, and prayed damages therefor. In another count he alleged that the company had not paid him as much as it had agreed during the time he was employed, and judgment was sought for the deficiency. The answer, among other things, denied the material allegations of the petition, alleging that Kinlin's employment had been a hiring at will at the wages paid other men for similar work. The instructions particularly complained of were as follows:

"5. Before the plaintiff can recover he must prove by a preponderance or greater weight of the testimony that the contract alleged was made, that he and the defendant by its president, Carter, did agree that defendant would give plaintiff employment as long as defendant's works were kept running, at the rate of $2.50 per day for work in the smelting department and $2 per day while otherwise employed."

"9. If you believe from a preponderance of the evidence that the contract alleged by plaintiff was made, and that defendant was discharged without adequate and reasonable cause, then he would be entitled to recover for the time he was unable to procure work as shown by the evidence. If he could procure work it would be his duty to accept work, and for the time he was able to get work, with reasonable diligence, he could not recover. For such time as he could not, with reasonable diligence, get work, and was obliged to be idle, he would be entitled to recover at the agreed rate. The amount of plaintiff's claim under this cause of action is $180."

As we said, the complaint is that these instructions were not complete. The fifth instruction related solely to the promise on which Kinlin founded his claim, impressing upon the jury that, in order to recover, Kinlin must establish the contract as alleged. The object of the ninth instruction was to state the measure of damages, and especially the law of avoidable consequences. Standing alone, we do not see that either or both could be taken as summarizing all the particular elements essential to a recovery; and taken in connection with the other instructions, each one of which related to a particular issue, it is quite clear that the jury could not have understood them in that sense; so that the first rule stated is applicable to these instructions as well as to the others.

The assignment that the verdict is not sustained by the evidence suggests questions both of law and of fact. So far as the question of fact is concerned, the case is one of those in which counsel very reasonably believe that they have suffered

an adverse verdict while the evidence preponderated in their favor, and therefore seek in this court a modification of the rule generally observed in ascertaining the sufficiency of the evidence, in order to correct a verdict which they feel to be wrong. The wisdom of the rule here established by which this court declines to weigh conflicting evidence in cases within its appellate jurisdiction is daily justified by experience. On the written transcript, it seems to the writer that the verdict was against the weight of the evidence; but the opportunities of the jury on the trial and the district judge on the motion for a new trial, for correctly estimating the effect of the evidence, were much better than ours. There is sufficient conflict to prevent our disturbing the verdict, unless as a matter of law the contract, which the evidence, taken most favorably for the plaintiff, tends to establish, is invalid or incapable of enforcement. It is quite evident from the testimony and the instructions that the verdict rendered for $120.07 was based entirely on the first count in the petition—that for the wrongful discharge of plaintiff. The defendant claims that the contract sued on was invalid, and that, therefore, the judgment cannot stand. A similar contention was urged in regard to a somewhat similar contract in *Chicago, B. & Q. R. Co. v. Cochran,* 42 Neb., 531; but the case was disposed of on grounds which did not call for a decision of the questions here presented. In *Hobbs v. Brush Electric Light Co.,* 75 Mich., 550, the plaintiff released a claim for damages against the defendant in consideration of defendant's promise to give the plaintiff "steady employment as trimmer." The court held this to be a valid and binding contract,

although it will be observed that it was less definite in its terms than that alleged by Kinlin. In *Pennsylvania Co. v. Dolan*, 6 Ind., App., 109, the contract was to give Dolan "steady and permanent employment," at the amount he was earning at the time of his injury, in consideration whereof Dolan released the company from liability on account of such injuries. The court pronounced this contract valid because of the consideration, saying that the words "steady and permanent" were equivalent in meaning to the promise of employment so long as the employe was able, ready, and willing to perform such services as the company might have for him to perform. The construction given these terms was not very different from the actual terms of the contract relied on in this case. Here the duration of the contract was limited either by Kinlin's volition or by the company's continuing to operate its works. We think these cases show that the contract was not void for uncertainty. In the Indiana case it is intimated that it might be within the statute of frauds and therefore only enforceable for one year. A contract, within the meaning of the statute, which is not to be performed within one year from its date, means a contract which by its terms discloses that the parties do not contemplate that it can be performed within that period; as, for instance, a contract to employ a party for one year beginning at a future day. (*Kansas City, W. & N. W. R. Co. v. Conlee*, 43 Neb., 121.) Where a contract is of such a character that it may be performed within a year, it is not within the statute merely because it may not be performed within that time. (*Connolly v. Giddings*, 24 Neb., 131; *Kiene v. Shaeffing*, 33 Neb., 21; *Powder River Live*

*Stock Co. v. Lamb*, 38 Neb., 339.) In this case the company might close its works for an indefinite period within a year; or within that time Kinlin might see fit to quit. In either event the contract would be performed.

Finally, it is claimed that the contract was void for want of mutuality. This argument is based on the contention that in order to be mutual the plaintiff must have been bound to continue work as well as the defendant to employ him; and secondly, upon the ground that it was not shown that plaintiff had a valid claim for damages and that it was not shown that the contract was in consideration of the release of such claim. On the first point, we do not think that a contract lacks mutuality merely because every obligation of the one party is not met by an equivalent counter-obligation of the other. If the consideration existed the company might well bind itself to furnish the plaintiff employment for a definite period or an indefinite period, not depending on its own acts, and at the same time give the plaintiff the option of releasing it from that obligation by an earlier determination, if he so desired. On the second point we think there was some evidence, and sufficient to justify the finding, that the release of the claim for damages was the moving consideration of the contract. It was not necessary that plaintiff should establish a valid claim. Indeed, if his claim had been absolutely unquestioned for an amount certain, his release for a less amount might not bind him. (*Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb., 463.) But a party may buy his peace, and when an action is brought against one who compromises it by the payment of money, he cannot recover the money back on

the ground that had the litigation been pursued
the plaintiff would have failed in his case.    This
is elementary; and if it is true, then it follows
that a contract for the compromise of such litiga-
tion may be enforced.

JUDGMENT AFFIRMED.