WILLIAM E. McJUNKIN, APPELLEE, v. W. F. WALDO, APPELLANT.

FILED JANUARY 30, 1914. No. 17,590.

1. Forcible Entry and Detainer: ACTION BY LANDLORD: DEFENSES. In an action of forcible entry and detainer on the sole ground that the defendant is a tenant of the plaintiff and has failed to pay rent according to the terms of his lease, it is a good defense that the plaintiff has agreed with the defendant to offset certain claims of debt against the rent and that such claims exceed the amount of rent accrued.

2. ———: ———: DEFENSE OF RES JUDICATA. In such action it is also a complete defense if the plaintiff has brought suit in a

court of competent jurisdiction to recover such rent, and the defendant pleaded in such action his claims against the plaintiff as an offset against the claim for rent, and final judgment was entered therein against the plaintiff.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*Brown & Venrick,* for appellant.

*J. L. Grimm* and *Bartos & Bartos, contra.*

SEDGWICK, J.

This is an action of forcible entry and detainer to recover the possession of a hotel building in the town of DeWitt, Saline county, Nebraska. The plaintiff had leased the premises to the defendant, and the term of the lease had not expired when the action was begun. The sole ground for the action was that the defendant had failed to pay the rent according to the terms of the lease. There was a verdict and judgment in favor of the plaintiff, and defendant has appealed.

The defendant offered to prove that while he had occupied the hotel he had boarded the plaintiff in the hotel, and that the plaintiff was indebted to him for the same and other like services in more than the rent claimed to be unpaid. The defendant also offered in evidence a transcript of an action in the county court of that county, in which the plaintiff had sued the defendant for the rent claimed to be in arrears, and the defendant had answered alleging payment of the rent by board and other valuable considerations furnished to the plaintiff, and in which action the court found the amount of the rent as claimed, and found the amount due the defendant from the plaintiff to exceed the amount of rent, and entered a judgment in favor of the defendant for the sum of $50.48. This evidence was objected to as incompetent and immaterial, and was excluded by the court. If this evidence had been admitted, it would establish by the judgment of a court of competent jurisdiction that there was no rent due the

McJunkin v. Waldo.

plaintiff from defendant, and yet the plaintiff recovered possession of the premises because of nonpayment of rent.

Apparently the court, and perhaps the counsel, were misled by the opinion of this court in *Connolly v. Giddings*, 24 Neb. 131. Mr. Justice Maxwell, in the opinion in that case, apparently does not state the facts in the case, nor the reason of his conclusion, with his usual clearness. Apparently the plaintiff had leased the premises orally for a short term, which had expired, and he attempted to hold possession by virtue of his supposed lien upon the premises for money expended by him at the request of the plaintiff for the purpose of making some improvements thereon. This question is disposed of in the opinion in the following words: "The contract in regard to the bake-oven does not seem to be set up as defense to this action. If Giddings agreed to purchase the bake-oven and other property, he no doubt may be compelled to do so at a fair price." It does not appear from the opinion to be an action seeking to terminate the lease for the nonpayment of rent when there was no rent due. It is not necessary in this case to determine what claims of the defendant may be offset against the claim for rents in such an action. It would seem that section 7678, Rev. St. 1913, would apply in such cases; but, even if it does not apply, manifestly where the parties have agreed to offset the one claim against the other, or there has been a judgment in an action between the parties determining that there was no rent due the plaintiff, he cannot terminate the lease on the ground of the ronpayment of rent.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.