## Jameson v. Butler.

1. CONTINUANCE. The affidavit for the continuance of a cause, to procure the evidence of a co-defendant, is fatally defective, if it does not state the testimony which the affiant expects will be given by the absent party.

2. ———: *Overruling motion for.* Whether the refusal to grant a continuance can be assigned for error: quere?

3. CERTIFICATE TO DEPOSITIONS. A certificate to depositions, showing that the witnesses were sworn to testify the truth, the whole truth, and nothing but the truth, without naming the cause or matter in or about which they were sworn, and showing the other facts prescribed by the statutes, is sufficient.

4. COUNSEL'S OPINION. A written request to counsel for his deliberate legal opinion, justifies him in preparing and forwarding such opinion in writing.

5. INSTRUCTION TO JURY. It is not error for the court to decline to give a request for instructions to the jury, in the words of the request, if the substance thereof is given in terms as favorable to the party.

6. AGENCY. There is no relation or agency between a party forwarding a written request to counsel for his opinion, and another party by whom the writing is transmitted.

This action was commenced in the District Court for Douglas county, by John A. Jameson against David Butler, Thomas P. Kennard, H. G. Worthington and St. A. D. Balcomb, to recover $1,500 for a written opinion given by the plaintiff to the defendants, upon a legal and constitutional question, submitted to him by them. The request was given in a writtten communication addressed by the defendants to the plaintiff, in these words ;

"As the power of the governor in his proclamation, convening an extra session of the legislature of Nebraska, under section twelve of article two (2) of the constitution, in the designation of the objects for which they are so convened, is an important question, we beg leave to submit the following proposition, and earnestly request your deliberate opinion on the same :

JAMESON v. BUTLER.

"First: Has the legislature to be convened the power, under section five (5) article two (2) to re-district the State, or in any manner interfere with the districts as they now are, and as they were under the Territorial organization, until there first be an enumeration as required in section three of the same article?

"It is to be remembered that, the first election referred to in section five of article two, has been held.

"As it is a matter of pressing interest, permit us to hope for an immediate examination of the subject, and a reply at your earliest convenience," (signed) "David Butler, Gov.," "Thomas P. Kennard, Sec. of State," "H. G. Worthington," "St. A. D. Balcomb."

This communication was given to John H. Sahler, at Omaha, to be by him carried to Chicago, and delivered to the plaintiff. Sahler discharged his mission, and the plaintiff prepared and gave to him a written opinion, in answer to the question propounded, with which he returned to Omaha, and delivered to the defendants. For this professional service, the plaintiff charged $1,500, to recover which he brought this action.

The defendants filed separate answers to the petition. Butler and Kennard, put in the general denial. Balcomb, admitted signing the paper set out above, but denied that he either alone or along with the others, or any of the other defendants, requested of the plaintiff the legal opinion referred to, or even employed him to give the same. Worthington's answer was to the same effect.

At the January term, 1868, Balcomb filed a motion for continuance of the cause, supported by his affidavit. In it he states that he expected to prove by Worthington — who is shown to be absent — "that the services for which the plaintiff sues were rendered at the instance and request of John H. Sahler, and not this defendant, nor any of the defendants; and that plaintiff's charges or compensation, if

JAMESON v. BUTLER.

any, were to be paid by Sahler alone ; and that this defendant is not, nor are any of the defendants liable therefor." The motion was overruled, and Balcomb excepted.

The plaintiff caused depositions of witnesses to be taken in Chicago. The officer before whom the same were taken certified as follows : "I, Alex. L. Stevens, a notary public, &c., do certify that the above named (witnesses) were by me first duly sworn to testify the truth, the whole truth, and and nothing but the truth, that the foregoing depositions by them respectively subscribed were reduced to writing by me, and were written and by said witnesses respectively subscribed in my presence, and were taken at the time and place specified in the notice hereto attached ; and the taking of said depositions was commenced on the 10th day of October, 1867, and was continued from day to day as provided in the notice hereto attached, until the 11th day of October, 1867, when the taking of said depositions was closed." "Witness my hand," &c.

A motion was made to suppress the depositions on the ground that the certificate was defective ; which motion was overruled.

The cause came on to be tried before the court and a jury. Upon the plaintiff's request the judge instructed the jury, "that if they find that John H. Sahler had authority from the defendants, to procure from Judge JAMESON his deliberate legal opinion upon the question submitted, such authority was complete and sufficient to authorize him to procure the written opinion of the plaintiff, upon the questions submitted." To which instruction, the defendants excepted.

The defendants requested the judge to instruct the jury, "that they must find that there was either an express or an implied contract by the defendants, to pay the plaintiff for his services ; and if they find that there was no express contract, and if from all the evidence, they find that the

plaintiff had no reasonable expectation that he was to be paid, but was to give an opinion gratuitously, if at all, he cannot recover." The court refused the request as made, but did charge the jury that they " must find from the evidence that there was either an express or an implied contract by defendants to pay plaintiff; otherwise he cannot recover ; and if they find that there was such express or implied contract, and if from all the evidence, and from the facts and circumstances as proved, they are satisfied that the plaintiff had no reasonable expectation he was to be paid, but was to give an opinion gratuitously, if at all, he cannot recover." To which refusal of their request, and to the charge as given, the defendants excepted.

The jury rendered a verdict for the plaintiff for $500, upon which, after motion for a new trial overruled, judgment was entered. The defendants bring this petition in error to reverse the judgment.

*C. S. Chase* and *E. Wakeley,* for plaintiffs in error.

*A. J. Poppleton,* for defendant in error.

MASON, Ch. J.

This petition alleges several errors on account of which it claims a reversal of the judgment of the District Court.

I. The affidavit for the continuance of a cause to procure the evidence of a co-defendant, should state the testimony which the affiant expects to be given by the absent party. If it does not do so, it is fatally defective. It is not enough to set forth, in terms however positive, the legal conclusion which the party may draw from the testimony to be given ; this is for the court, and not for him to do.

This affidavit does not state any fact which Worthington is expected to swear to, but only the conclusions of law

JAMESON *v.* BUTLER.

which the party himself draws from facts to be proved; It is not uncommon for parties to mistake the conclusions which should be drawn from facts proved. The motion to continue was rightly overruled.

II. It has been decided by many courts that the refusal of the court to continue a cause, could not be assigned for error, because it is a matter of discretion.—*Woods* v. *Young*, 4 *Cranch*, 237. It is not necessary to decide that question here.

III. The statute is very explicit as to the contents of the certificate of the officer taking depositions.—*R. S., p.* 458, § 585. When it is complied with, the certificate is sufficient. We cannot add to its requirements. If the statute is not a good one, the remedy is elsewhere. It might be well, as urged by the counsel for the plaintiffs in error, for the certificate to show in terms that the oath was administered in or with reference to the cause. But the statute does not so require. Besides, a long course of decisions in our District Courts has established the sufficiency of certificates, like the one here objected to.

IV. The request in writing, signed by the defendants, addressed to Judge JAMESON, was in itself, sufficient to justify him in preparing and forwarding his opinion in writing. The defendants requested the plaintiff's " deliberate " opinion upon the question, which they state with circumstance and with exactness. It was a grave constitutional question. It was deemed by the plaintiffs one of " pressing interest," and demanding " an immediate examition," and "a reply, at " the plaintiff's " earliest convenience." The form and the terms of the request justified the plaintiff in supposing that he was expected, not only to examine with care the matter in hand, but to reduce his views to writing. A verbal answer, given without reflection, would not have answered the request.

V. The attempt is made to establish the relation of

agency between Sahler and the defendants, and by showing that the agent transcended his authority, to relieve the principals of their liability. There is no such relation shown. Sahler's connection with the matter was simply that of messenger by whom the defendants sent their communication from Omaha to Chicago. When he delivered the writing containing the request to the plaintiff his business was done. It was the writing, and not he, that asked for the "deliberate opinion." It was the request contained in it, and not any words of his, which implied a promise to pay.

VI. The difference between the request, which the defendants made to the judge for an instruction to the jury, and the instruction as given is very slight. It is a difference in words merely. The instruction as requested was evidently intended to contain the legal proposition which the court charged. As given, it was quite as favorable to the defendants as the one requested. It is not error to decline to give an instruction in the very words in which it is requested, if the substance thereof is given in terms as favorable to the party, as those of his request.

The record discloses no error in the court below. The judgment must be affirmed.

                                    Judgment affirmed.