MOSES U. PAYNE, PLAINTIFF IN ERROR, v. CLINTON BRIGGS AND JOHN I. REDICK, DEFENDANTS IN ERROR.

1. **Pleading:** REPLY. A reply must be made to all the material allegations of new matter contained in an answer, or they will be taken as true.

2. **Depositions:** VENUE. The certificate of the officer taking a deposition ought to show on its face the county and state or country where the same is taken, as well as the state or country from which the officer derived his official character.

3. ———: QUÆRE. Whether it is proper to take depositions in the office of one of the parties or of his attorney, or before an officer who is also the clerk or student of such party or attorney?

ERROR from the district court for Otoe county. The case is stated in the opinion. Payne was defendant below and, judgment being rendered against him, brought the cause up by petition in error.

*George W. Covell*, for plaintiff in error.

*E. F. Warren*, for defendant in error.

COBB, J.

The plaintiffs in their petition allege that on the first day of August, 1872, the defendant was indebted to them in the sum of nine hundred and fifty dollars bal-

ance of contract price for the work, care, diligence, and attendance of the plaintiffs, by the said plaintiffs before that time performed and bestowed as the attorneys and solicitors of and for the said defendant, and at the defendant's special instance and request, in and about prosecuting and defending certain interests of the defendant against one Jasper A. Ware, in the bankruptcy court of the United States for the state of Nebraska, and performing other business as such attorneys and solicitors for the said defendant, and at his request, and the advice and counsel by the said plaintiffs as such attorneys to and for the said defendant, and about his business at his like request—which services, as aforesaid rendered and performed, were of the value of one thousand dollars; that the said defendant promised and agreed to pay said plaintiffs for and on account of their services in the business of defendant's claim against the said Ware as aforesaid, in the year 1872, the said sum of one thousand dollars. That the said sum is due and unpaid, except the sum of fifty dollars," etc.

To which the defendant made answer, and set up three defenses. His first defense consists almost entirely of negative matter, in which he denies all of the material allegations of the petition. In his second defense he alleges "that on the 25th day of May, 1872, he employed plaintiffs as his attorneys and solicitors to represent and prosecute his entire claim, amounting at that time to the sum of about twenty to thirty thousand dollars against one Jasper A. Ware, in the bankruptcy court of the United States for the district of Nebraska; that in and by the terms of such employment this defendant was to pay plaintiffs, and did pay them, fifty dollars in cash in full settlement and payment for all their services in case the creditors of Jasper A. Ware, including this defendant as well as

those who had at that time commenced proceedings in
bankruptcy against J. A. Ware, which were then
pending, should discontinue such proceedings and take
their several claims against Ware out of bankruptcy
by consenting to and accepting an assignment of all
the real estate and personal property belonging to J.
A. Ware, from said Ware and Ellen H. Ware, his
wife, to John H. Tomlin and Russell McComas as as-
signees and trustees of and for said Ware and his sev-
eral creditors, which said assignment was at that time
in contemplation.  That in case such assignment was
not made and such discontinuance had thereunder,
the said payment of fifty dollars was to be considered
a retainer fee for the services of said plaintiffs as at-
torneys and solicitors of the said defendant, in the mat-
ter of the bankruptcy of J. A. Ware, and that in such
case the said plaintiffs agreed to represent and prose-
cute to final conclusion the entire claims of this defend-
ant in said bankruptcy court, until settled in that court,
for the additional sum of nine hundred and fifty dol-
lars.  That in truth and in fact such assignment was,
on or about the nineteenth day of August, 1872, made
to the said John H. Tomlin and R. H. McComas by
the said Jasper A. Ware and Ellen H. Ware his wife,
and accepted by this defendant and the petitioners in
bankruptcy as well as other creditors of said Ware not
petitioning, and this defendant, after said trust was ac-
cepted and acted upon by the said assignees, discon-
tinued his proceedings in bankruptcy by directing his
said attorneys to dismiss his said petition against the
said Jasper A. Ware.  That in truth and in fact no
services whatever were performed by said plaintiffs for
this defendant, except filing his petition in bankruptcy
against Jasper A. Ware, and dismissing the same by
this defendant's direction as aforesaid, and that the
said fifty dollars in cash was to be compensation in full

for all the services rendered in that matter by plaintiffs for defendant, and was paid by defendant as such compensation in full for all services rendered by plaintiffs for defendant in the matter of the bankruptcy of J. A. Ware. That plaintiffs did or performed no services whatever for defendant as attorneys and solicitors except such as were contracted to be performed by them for the said sum of fifty dollars as payment in full. Defendant further avers that no other or different contract than the one hereinbefore set forth was made by and between plaintiffs and defendant, and that plaintiffs did not perform any services for him other than those that were to be performed by them under the first clause of the contract hereinbefore set forth, and that they have been paid in full by this defendant for such services."

To this answer no reply was made. To be sure there is a reply copied in the transcript, but in the certificate of the clerk he states that it never was filed in this cause, but was found among the papers after the same was disposed of, and was put into the transcript at the request of the attorney for the defendant in error.

Hence the matters set up in the answer must for the purposes of this case be considered as admitted by the plaintiffs in the court below. *Dillon v. Russell and Holmes,* 5 Neb., 488. *Williams v. Evans,* 6 Neb., 216.

It was therefore error in the court to find the issues for plaintiffs when upon the face of the pleadings they stand admitted in favor of the defendant.

Before the trial in the district court, the defendant moved to suppress the deposition of John I. Redick taken by the plaintiffs, for the reasons stated in said motion—insufficiency and informality of the certificate, want of venue in the certificate, etc. Defendant also filed exceptions to the introduction and reading of said deposition for reasons therein stated; which motion and

Payne v. Briggs. .

exceptions were overruled by the court and the deposition allowed to be read on the trial.

The deposition was defective in that it contained no venue. The certificate of the officer fails to show in what state or country it was taken, or from what state or country he received his official authority to take it. A correct test is—Is the certificate such that upon an indictment of the witness for false swearing the deposition itself could be introduced as evidence without further authentication? In this case, without resorting to the notice, we cannot tell what state courts would have jurisdiction of such an indictment, and we nowhere find that Mr. J. Willis French certifies himself to be a notary public of the state of Colorado, where by the notice the deposition was to have been taken.

This court cannot resist the inclination in this connection to express its disapprobation of a practice which seems to exist to some extent, of taking depositions of witnesses in the office of the attorney taking the same and sometimes before a notary who is also the clerk or student of such attorney. In many of the states such practice is prohibited by statute. But in the absence of a statute it is so manifestly unfair and so liable to lead to abuse, that if it does not of itself render a deposition thus taken inadmissible, it might when taken in connection with other circumstances. The deposition in this case was taken, as appears by the notice, in the office of one of the plaintiffs, and although the point is not raised in the exceptions, if it had been made it would have added somewhat to the points raised, which were of themselves sufficient to have excluded the deposition.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.