SINGER MANUFACTURING COMPANY, PLAINTIFF IN RERROR, V. MCALLISTER BROTHERS, DEFENDANTS IN ERROR.

| 22 | 359 |
| 36 | 635 |
| 22 | 359 |
| 42 | 664 |
| 43 | 124 |
| 22 | 359 |
| 50 | 793 |

1. **Pleading**: ANSWER: WAIVER. The filing of an answer by which issue is joined upon all the averments of the petition, is a waiver of exceptions to the decision of the court in overruling a special demurrer.

2. **Depositions**: AUTHORITY OF NOTARY PUBLIC. The fact that a notary before whom a deposition is taken has his office in a room occupied by the attorneys who represented the party taking the deposition, is not of itself sufficient to warrant the exclusion of the deposition when offered to be read upon the trial. The practice of taking depositions in the office of an attorney interested in the cause is objectionable, yet there is no law to prohibit it.

3. **Continuance.** A motion for a continuance is addressed to the sound legal discretion of a court, and its decision thereon will not be reversed unless there has been an abuse of such discretion.

4. ———. Where an affidavit in support of a motion for a continuance on account of the absence of a document necessary to be used in the cause as evidence is filed, it should affirmatively appear thereby, not only that the party seeking the continuance has been diligent in trying to procure such document, but that it is at least probable that the evidence can be had in case the adjournment should be granted.

ERROR to the district court for Platte county. Tried below before POST, J.

*J. M. McFarland*, for plaintiff in error.

*McAllister Bros., pro se.*

REESE, J.

Defendants in error filed their petition in the district court, in which they allege that in 1883 one F. J. Swartz

was employed by plaintiffs in error as traveling salesman for the purpose of selling sewing machines; and that during the year he sold a large number of such machines, so that by the first day of November of that year plaintiff in error was indebted to him in the sum of $499. The assignment of the claim to defendants in error is alleged in the usual form, and judgment is demanded. To this petition plaintiff in error filed a demurrer, which was overruled, whereupon an answer to the merits was filed.

It is alleged here that the district court erred in overruling the demurrer, but this question cannot be noticed as the filing of the answer waived any exceptions to this ruling. *Farrar & Wheeler v. Triplett*, 7 Neb., 237.

It is contended that the court erred in overruling plaintiff's exceptions to the deposition of the witness Swartz. This deposition was taken at the office of and before P. L. Pollock, a notary public in the city of Denver, Colorado. These exceptions were based on the alleged fact that the notary was interested in the suit, and that this interest was in behalf of defendants in error, and that he was attorney for defendants in error, and for the further reason that he was in the employ of Sampson & Millett, the attorneys who represented defendants in error in taking the deposition. Attached to this motion and made a part of the record is the affidavit of Swartz, to the effect that prior to the taking of the deposition the notary saw the witness in the interest of defendants in error and talked over the material facts as to what he would testify to, and that the notary was an attorney at law and works for and has been working for Sampson & Millett, the attorneys named, and for the further reason that the depositions were taken at their office.

The substantial facts stated in these affidavits are, that the notary had his office in the same room with Sampson & Millett, and that prior to the taking of the deposition he saw witness and had a conversation with him as to what

his testimony would be. Whether he sought to influence that testimony in any degree is not shown.

It is true, it is said, that he saw the witness "in the interest" of the defendants in error, but this as a statement of fact is insufficient. If anything improper was said to the witness it should have been stated in the affidavit instead of the mere conclusion.

As there is no proof of any prejudice to the plaintiff in error, the ruling of the district court was correct. The practice of taking depositions in the office of an attorney in the cause wherein the deposition is taken, should not be encouraged (*Payne v. Briggs*, 8 Neb., 79), yet we know of no law by which it is prohibited.

It is next insisted that the court erred in admitting in evidence parts of certain documents which it appears were introduced by defendants in error.

These objections cannot be considered for two reasons: 1st. There was no exception taken to the ruling of the court. 2d. The entire documents were afterwards introduced by plaintiffs in error, and admitted. Assuming that there may have been error in the first ruling, it was effectually cured by the subsequent action of plaintiff in error.

During the trial, plaintiff in error sought to introduce in evidence a contract entered into between it and one Shoff, its agent, and presumably the person by whom Swartz was employed. The contract was identified by Shoff as being a duplicate copy, and was offered in evidence. Defendants in error cross-examined him as to the genuineness of this instrument. He then testified that the instrument was not a duplicate, but was a copy of the contract, instead of the original. He at first testified that the signature was his own handwriting, but finally said that it was not. The copy was offered in evidence and excluded.

Plaintiff in error then filed a motion for a continuance, supported by affidavits, by which he sought to continue the cause on the ground of surprise, which ordinary prudence

could not have guarded against. The motion for continuance was overruled, and the trial proceeded. The affidavit in support of the motion was to the effect that it was necessary to show that Shoff was a special agent of plaintiff in error, not having general authority, and that it was material to show what authority Shoff had to employ Swartz as the agent of plaintiff in error, and that prior to the time of trial he had delivered the instrument to the attorney for plaintiff in error, believing it to be a duplicate of the original contract. It was sought to continue the cause until the original or duplicate could be procured. In this ruling of the court we see no error. There is no good reason assigned why Shoff might not have procured the original instead of the copy. Neither is it shown where the original was at the time of trial, nor that it could be obtained, should the continuance be granted. While it is said in the affidavit that the attorney for plaintiff in error used every diligence to get the original contract, yet there is no showing as to what this diligence consisted of, nor what efforts were made.

. The motion for a continuance is directed to the sound discretion of the court, and its rulings will not be reversed, except for an abuse of such discretion. There is nothing in the record to show such abuse. *Jameson v. Butler,* 1 Neb., 119. *Billings v. McCoy,* 5 Id., 190. *Johnson v. Dinsmore,* 11 Id., 394. *Williams v. State,* 6 Id., 337. *Ingalls v. Noble,* 14 Id., 273. We cannot, therefore, see that the court erred in its rulings.

Objections are made to matters occurring upon the trial under the supervision of the court, but as it is not perceived that anything was done to the prejudice of plaintiff in error, they need not be noticed, as error can never be presumed, but must appear of record.

No error affirmatively appearing of record the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges· concur.