## Zell *v.* State of Indiana.

[No. 23,574. Filed April 23, 1920. Rehearing denied June 25, 1920.]

1. Criminal Law.—*Rape.—Instructions.—Reference to Affidavit.— Sufficiency.*—Under an affidavit charging that the defendant did, on a certain date, carnally know a female child under sixteen years of age, an instruction that if the jury should find beyond a reasonable doubt that the defendant had carnal knowledge of such child at the time and place, and in the manner and under the circumstances, set forth in the affidavit, they should return a verdict of guilty, was not objectionable because it did not embody the element that the prosecuting witness was under the age of sixteen, in view of the allegations in the affidavit. p. 436.

2. Criminal Law.—*Rape.—Instructions.—Mitigating Punishment.* —In a prosecution of a defendant for having carnal knowledge of a female child under sixteen years of age, a statement in an instruction that "it is immaterial, if you find she was under sixteen years of age, whether she consented to said acts or not; whether she made any outcry or resistance," is not objectionable as excluding from the jury's consideration the mutually agreeable and voluntary relations between the defendant and the prosecuting witness in mitigating the punishment, the jury, because of the defendant's minority, having the right to mitigate the punishment to a fine and a jail sentence. p. 436.

3. Rape.—*Subsequent Marriage.—Defense.*—The subsequent marriage of the defendant to one whom he carnally knew before she was sixteen years of age, is not a defense to the crime of rape. p. 437.

4. Criminal Law.—*Rape.—Consequences of Verdict.—Instructions.* —In a prosecution of a statutory rape case, there was no error in refusing to instruct that the court had no power to suspend sentence and parole the accused under §2174 Burns 1914, Acts 1909 p. 434, on the ground that, had the court instructed as to the consequences of a general verdict, the jury would have been more inclined to substitute a fine and a jail sentence under §2146 Burns 1914, Acts 1905 p. 584, §270, since the court was not required to instruct upon the consequences of a verdict. p. 438.

5. Rape.—*Reputation of Defendant for Peace and Quietude.*—In a prosecution of a defendant for having carnal knowledge of a female child under the age of consent, the court did not err in refusing evidence of the defendant's general reputation for peace and quietude, tendered on the theory that assault and battery is

included in a charge of rape, where the evidence of both the prosecutrix and the accused showed their acts of intimacy to have been mutually agreeable.    p. 438.

From Howard Circuit Court; *William C. Overton*, Judge.

Prosecution by the State of Indiana against Omer Zell. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Overson & Manning* and *Barnabas C. Moon*, for appellant.

*Ele Stansbury*, Attorney-General, and *Edward M. White*, for the state.

TOWNSEND, C. J.—Appellant was charged under §2250 Burns 1914, Acts 1913 p. 267, with unlawfully having carnal knowledge of a female child under sixteen years of age. A jury returned a verdict of guilty and found his age to be eighteen years.

The questions arise on motion for a new trial:    (1) Error in giving and refusing certain instructions; (2) error in excluding certain evidence.

The affidavit fixes the date of the crime as February 11, 1917. To make understandable the discussion of the questions involved, it will be necessary to take cursory view of the evidence in the case. The evidence shows that appellant was seventeen years old on that date, and that prosecuting witness was fifteen years old. Prosecuting witness became sixteen years old the following May, and appellant eighteen years old the following October. Appellant testified that he was in company with the prosecuting witness three times, and that each time they had sexual intercourse. Prosecuting witness testified that they were in company three times, and that they had sexual in-

tercourse twice. So far as the evidence discloses, their relations were mutually agreeable. Prosecuting witness lived at home; she was one of five children; both of her parents were living. She disclosed to no one her relations with appellant until about June 30, 1917, when her mother discovered that she was pregnant. In the month of August, 1917, at the solicitation of the prosecuting witness's father, mother, sister and brother, appellant married the prosecuting witness. On the day of the marriage, he was at work on a farm and left his work and went to the county seat to be married, and returned to his work that afternoon. On the evening of the day following, he went to the home of his wife's parents, where his wife was, and remained there that night. The following morning he drove away, and shortly thereafter sold his horse and buggy, drew his money out of the bank, and bought a ticket to Roanoke, Virginia. He did not leave the train at Roanoke, but paid his fare on to Troutville, Virginia, and remained there about six months, until he was brought back by the deputy sheriff of Howard county, Indiana, to answer the charge in this case. Before he left for Virginia, he did not disclose to anyone that he was going away; he did not write to his wife, nor let any one know where he was.

The evidence shows that the prosecuting witness was perhaps more mature than the average girl of fifteen, and it nowhere appears that she was disinclined to sustain the relations that she did to appellant at the time charged in the affidavit and prior thereto.

Appellant complains of the court's instruction No. 2 because it told the jury that if they believed beyond

a reasonable doubt that defendant had carnal knowledge of prosecuting witness at the time and place, and in the manner and under the circumstances set forth in the affidavit, they should find him guilty of rape. The complaint about this instruction is that it, as appellant's counsel say, does not embody the element that the prosecuting witness was under the age of sixteen years. There is no merit in this contention, because it will be observed that the instruction confines itself to what is set forth in the affidavit. The affidavit charged that he did on February 11, 1917, carnally know the prosecuting witness, who was under the age of sixteen years, to wit, fifteen years of age.

Appellant next complains of the court's instruction No. 3, which is as follows: "If you, and each of you, are satisfied of the guilt of this defendant, as charged in the indictment, that at the time and place and in the manner charged in this affidavit, this defendant had carnal knowledge of ———— (prosecuting witness) a female child under the age of sixteen years, then you should find the defendant guilty as charged; *and it is immaterial, if you find she was under sixteen years of age, whether she consented to said acts or not; whether she made any outcry or resistance.* Under the law of this state a female child under the age of sixteen years is incapable of giving her consent to the act of sexual intercourse. This provision of the law is for her protection, because of her age."

The italicized words in the above instruction are the ones criticized by appellant's counsel. They claim that by these words the court excluded from the minds of the jury the right to take into consideration the mutually agreeable and voluntary relations between appellant and the prosecuting

witness in mitigating the punishment. In other words, because the jury had power to fine appellant and fix his imprisonment in the county jail, on account of his minority, that by this instruction the court told them that it was immaterial as to the punishment. This instruction is not open to any such interpretation, and it is very obvious that it would not be so understood by the jury. By it the court was defining for the jury the corpus of the crime, and telling them that the crime was complete, even though the prosecuting witness consented to, and voluntarily performed, the act.

Other instructions of the court told the jury that they had a right to fix the punishment of appellant by assessing the fine and confining him in the county jail for a period to be determined by them, under §2146 Burns 1914, Acts 1905 p. 584, §270.

Appellant's counsel next claim error in the court's instruction No. 5, which is as follows: "The court instructs the jury that if it finds from the evidence beyond a reasonable doubt that the defendant carnally knew ——————— (prosecuting witness) at a time before she was sixteen years of age, in Howard county, in the State of Indiana, then the fact, if it be a fact, that the defendant afterwards married ——————— (prosecuting witness) would be no defense to the crime of rape as charged in the affidavit in this cause."

3.

They base this claim on the case of *State* v. *Otis* (1893), 135 Ind. 267, 269, 34 N. E. 954, 955, 21 L. R. A. 733, where this court said: "In case of seduction under promise of marriage, we think there can be little doubt that the subsequent marriage of the parties is a bar to further prosecution for the crime committed."

Whatever may be said of the reasoning in that case, it has no application here, and it may well be doubted that it would have application in a case of seduction of one under the statutory age of consent. The court did not err in the above instruction.

It is next claimed that the court erred in refusing to instruct the jury that the court had no power to suspend sentence and parole appellant under §2174

4. Burns 1914, Acts 1909 p. 434, rape being one of the crimes excepted from the operation of this section of this statute. The exact point is that, had the court told the jurors of the consequence of a general verdict, they would have been more inclined to substitute a fine and jail sentence under §2146 Burns 1914, *supra.* It has never been held in this state that a party may, as of right, require a court to instruct upon the consequence of a verdict. In fact just the opposite is the rule. *Coppenhaver* v. *State* (1903), 160 Ind. 540, 551, 67 N. E. 453.

Appellant was permitted, in this case, to prove his general reputation for morality. He then offered to prove his general reputation for peace and

5. quietude, which was refused. His counsel claim that this was error, because assault and battery is included within the charge of rape. Now it will be observed that the testimony given, both by appellant and the prosecuting witness, as to their acts of intimacy, shows that those acts were mutually agreeable. So far as the evidence in this case is concerned, assault and battery becomes a mere legal fiction. The question here sought to be raised by appellant's counsel would be entirely different were this a case where the crime was committed by force and violence, and appellant disputed that he was the identical person who

committed the offense. The court did not err in excluding this evidence.

Counsel for appellant complain bitterly of the severity of the punishment to be inflicted in such a case, under the verdict returned by the jury. The errors in this case are the errors of the appellant himself, and counsel's complaint about the severity of the law is met by the bad faith of the appellant in his conduct after his marriage to the prosecuting witness. Had he shown good faith in his solemn engagements of marriage, he would have been protected from the rigor of the law, not only by a jury, but also by the sound discretion of the prosecuting attorney. We think this protection would have prevailed even against the malice of any individual in the community.

Judgment of the trial court is affirmed.