Strong v. State.

FRANK J. STRONG V. STATE OF NEBRASKA.

FILED JUNE 23, 1921.  No. 21845.

1. **Jury: VOIR DIRE.** Upon the *voir dire* examination of a proposed juror, each party has the right, within reasonable limits, to put pertinent questions for the purpose of ascertaining whether there exists sufficient grounds for a challenge for cause, and also to aid the party in the exercise of his statutory right of peremptory challenge.

2. ——: ——: **DISCRETION OF COURT.** The extent to which such examination may be carried rests in the sound discretion of the trial court, and its ruling thereon will not be disturbed unless there has been an abuse of discretion to the prejudice of the complaining party.

3. **Criminal Law: INSTRUCTIONS.** Where the court on its own motion charges the jury substantially as requested, it is not error to refuse to restate those principles of law.

ERROR to the district court for Madison county: WILLIAM V. ALLEN, JUDGE.  *Remanded, with directions.*

*Barnhart & Stewart,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before LETTON, DAY, DEAN and ROSE, JJ.

DAY, J.

Frank J. Strong was convicted in the district court for Madison county on a charge of statutory rape, and was sentenced to the penitentiary for an indeterminate period of from three to twenty years. As plaintiff in error he has brought the record here for review.

For convenience, plaintiff in error will be hereinafter referred to as defendant. The chief complaint of the defendant upon the oral argument, as well as in his brief, is that the trial court erred in restricting and limiting his counsel in the *voir dire* examination of veniremen called as prospective jurors in the case. The record shows that during the examination upon their *voir dire* several pros-

pective jurors were asked by counsel for the defendant whether they were married, how many children they had, and whether the children were boys or girls. During the examination of venireman Fred Recker by defendant's counsel, he was asked: "Q. You are married? A. Yes, sir. Q. And got some children? A. Yes, sir." At this juncture the court interrupted, saying: "I am going to stop you. It is wholly immaterial whether this man has children or not. Avoid that, Mr. Barnhart."

The principal purpose of the *voir dire* examination is to ascertain whether the proposed juror is free from bias or prejudice, and whether he is in such attitude of mind with respect to the case in hand that he would be a fair and impartial juror. With this end in view, it is the policy of the law to give to the parties ample opportunity to question the venireman upon matters bearing upon his competency, and questions which tend to show his attitude of mind and feelings should not be unreasonably abridged. And as each party has the right to exercise a certain number of peremptory challenges, it is proper, within reasonable limits, to propound questions which, in the judgment of the respective parties, may assist them in the exercise of that right. The extent to which the examination may be carried rests in the sound discretion of the trial court, and its ruling will not be disturbed unless there has been an abuse of discretion to the prejudice of the party complaining. *Van Skike v. Potter,* 53 Neb. 28.

The question here presented is not a new one in this jurisdiction. In *Bayse v. State,* 45 Neb. 261, it was held: "On the examination of a juror on his *voir dire,* each party has the right, within reasonable limits, to put pertinent questions for the purpose of ascertaining whether or not there exists sufficient ground for a challenge for cause, and also to enable the party to properly exercise his statutory right of peremptory challenge."

From an examination of the questions propounded to the veniremen, as shown by the record, it is perfectly clear that the fact sought to be elicited from the proposed

juror was for the purpose of assisting counsel in their peremptory challenges. In directing the trial, a large amount of discretion must necessarily be given to the trial judge, to the end that trials be expedited, and that the examination of proposed jurors be not extended beyond reasonable bounds. In the case at bar we are of the view that the restrictions placed upon the examination of the proposed jurors did not amount to an abuse of judicial discretion.

Complaint is also made of the failure of the court to give instruction No. 1 requested by the defendant. This instruction related to the weight to be given to character evidence, and was responsive to the evidence given upon the trial. The court did, however, in language of its own choosing, correctly instruct the jury upon this subject in instruction No. 10. It is well settled that it is not necessary to give an instruction in the language of counsel, where the subject is covered by instructions in the language of the trial court. *Jameson v. Butler,* 1 Neb. 115; *Curry v. State,* 5 Neb. 412; *Coffey v. Omaha & C. B. Street R. Co.,* 79 Neb. 286.

It is urged that the verdict is not supported by sufficient evidence. We cannot agree with defendant's counsel in this contention. No useful purpose will be subserved in reviewing the evidence. While the defendant denied the act of intercourse, the overwhelming testimony, including his confessions, point to the contrary. The case is one clearly for the determination of the jury, and we are satisfied with its finding.

It is urged that there was error in the giving of instruction No. 12, defining the meaning of the term "reasonable doubt." The instruction is criticised, not so much because it does not correctly give the meaning of that term, but because it closed with these words: "It is important to the administration of justice that no man proved to be guilty of a crime should be permitted to escape, and that no man of whose guilt there is a reasonable doubt should be convicted. The important and solemn

duty is with you to determine the guilt or innocence of the defendant and to return a verdict accordingly." We can see no prejudicial error in this statement.

It is also urged that it was error to permit the prosecutrix to testify to other acts of intercourse with the defendant. This question has been determined adversely to the contention of defendant in *Woodruff v. State,* 72 Neb. 820.

It is finally urged that the court erred in pronouncing sentence under the provisions of the indeterminate sentence law. An examination of that law as it now appears (Laws 1919, ch. 190, p. 791) will disclose that the crime of rape is excepted from its provisions. The trial judge should have determined the duration of the sentence.

On the entire record we conclude that there is no error necessitating a new trial, but it is ordered that the cause be remanded, with directions to the trial court to impose a sentence of a definite term.

REMANDED, WITH DIRECTIONS.