## WILBUR LARSON v. STATE OF NEBRASKA.

FILED JANUARY 4, 1934. No. 28800.

*Bernard McNeny, L. A. Sprague* and *J. S. Gilham,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

PAINE, J.

The defendant, plaintiff in error, was convicted in the

district court for Nuckolls county on an information charging him with statutory rape upon Fern Maxine Sibert, a female child over 15 years and under 16 years of age, previously chaste.

This case was first argued to the court upon June 6, 1933, and, because it presented difficult questions, it was set down for reargument upon November 23, 1933.

The crime was charged in the information as having been committed on or about November 30, 1932. The defendant pleaded not guilty. The verdict of the jury rests solely upon the evidence of the sheriff and deputy sheriff. They had a conversation with the defendant in the jail on January 16, 1933, immediately after he was bound over to the district court. At this hearing he had been committed to jail in default of a bond of $2,500, and, so far as the record discloses, he has been in jail since said date.

The evidence shows that the defendant and the prosecutrix were married on the 23d of December, 1932, at Mankato, Kansas. She did not tell her parents of her marriage, and continued attending school in the ninth grade, and lived at home. Her parents learned of the marriage January 11, 1933. When she was called as a witness for the state, objection was made by the defendant to her competency as a witness against her husband, the defendant, on account of the marriage relation existing between them. The objection was sustained, and the prosecutrix was withdrawn as a witness. But her marriage was, of course, no bar to a prosecution for rape. *Zell v. State*, 189 Ind. 433, 9 A. L. R. 336.

The prosecutrix became 15 years of age on the 21st day of July, 1932. The defendant was 31 years of age. On the 20th day of February, 1933, the prosecutrix was examined by a physician, who heard fœtal heart-beats and decided that she was on that date five and a half to six months along in pregnancy. This would probably place the date of conception somewhere between August 20 and September 5, 1932.

Wilbur Larson, defendant, resided with his father and mother in Superior, in the last house at the south end of Bloom street, where they had resided for some years. Pearl Sibert, the father of the prosecutrix, .resided on the next lot immediately north of the Larson residence. In the Sibert home were the parents, Raymond, a married son, and his wife, and Fern Maxine, the prosecutrix, also Kenneth, Ruby, and Lloyd. They had resided there for some two years. Lewis Larson, defendant's father, had to leave home for four or five months from July, 1932, and when the defendant, Wilbur, was called to go out and play with a dance orchestra to which he belonged, his mother invited Fern Maxine over to stay with her, so that, beginning in August, 1932, Fern Maxine slept at the Larson house from one to four nights each week until January 11, 1933, when her parents found out she was married, and would not let her go there any more.

The defense called no witnesses. The state, aside from the attending doctor, called as witnesses the parents of Fern Maxine and her brother Raymond, who each testified she was a chaste and decent girl, her father testifying, in answer to question 139: "What has her character as to morality—sex morality—been, so far as you have seen, has it been good or bad?" The answer, after a vigorous objection was overruled, was, "Good." The only other witnesses called were the sheriff and deputy sheriff, who testified that on January 16, 1933, the day the defendant was bound over to the district court, they had a talk with him in the jail. He was told nothing about it being a confession, or that it would be used against him; it was simply in the nature of a visit. The sheriff testifies that in that conversation the defendant said the first act of intercourse between them occurred March 3, 1932, in an automobile south of town, and that it was her first time. Then after that on other occasions they went north of town, and that, when she was staying at his home nights, when he would get home late she would come to his bed on his invitation two or three times each

week. The defendant also told the sheriff about getting the money to go over into Kansas and get married.

The deputy sheriff's evidence agreed with that of the sheriff, and, in addition, when he was asked what else he remembered, he answered: "Well, Wilbur asked me if the fact that he had married the girl wouldn't help him, and I says, 'It certainly won't hurt you, the fact that you married her would be a good thing, but you must remember that she is a little girl.'"

After defendant rested, a motion was made for an instructed verdict on the grounds that no venue had been proved, that evidence would not sustain a verdict, and that the state had failed to prove that the prosecutrix was previously chaste prior to the time of the offense charged. Thereupon, the rest was withdrawn, and the sheriff testified: "Q. Do you know where the home of the defendant Larson is? A. Well, I know all Wilbur told me. I know where it is about." And then he testified that Superior was in Nuckolls county, Nebraska.

Superior is a city of some size, and the evidence is that from Superior it is one mile to the Kansas line, but whether this is from the center of Superior, or from the southern boundary, is not shown. The home of the defendant is the last house at the southern end of a street; there is no evidence what the distance is from his home to the state line, and the evidence is that they drove south from his home in a car the night that the first act of intercourse took place.

It is insisted by counsel for the defendant that it is not shown by the evidence that the first act of intercourse took place in Nuckolls county. This court held in *Marchand v. State,* 113 Neb. 87: "In a prosecution for rape upon an alleged previously chaste female child between 15 and 18 years of age, acts of voluntary illicit intercourse between prosecutrix and defendant in another county, previous to the commission of the act on which the prosecution is based, is a complete defense." This decision also defines a chaste female as "one who has

never had unlawful sexual intercourse with a male prior to the intercourse with which the prisoner stands indicted."

Where, as in the case at bar, there is evidence showing many voluntary acts of illicit intercourse between the parties previous to the commission of the act upon which the prosecution is based, it is necessary, under the Nebraska decisions, for the state to prove, beyond a reasonable doubt, that such acts took place within the jurisdiction of the court. That the first act of intercourse might have taken place in Nuckolls county is not sufficient. The burden was upon the state to prove affirmatively, beyond a reasonable doubt, that it did. It failed to do so.

That prosecutrix was previously chaste is an essential element of the crime charged. The chastity of a female is a fact peculiarly within her own knowledge.

Where the prosecutrix is between the ages of 15 and 18 years, at the time the act occurred on which the prosecution is based, the burden, according to many Nebraska decisions, is upon the state to affirmatively prove the previous chastity of the prosecutrix beyond a reasonable doubt. This is discussed at length in *Woodruff v. State,* 72 Neb. 815, in which case the prosecutrix testified that she had been virtuous prior to the commission of the act charged. It was held: "Where the issue of the previous chastity of the prosecutrix is involved, evidence of the general repute of the prosecutrix is not admissible to prove prior unchastity." In *Burk v. State,* 79 Neb. 241, it is stated there was no evidence of her previous chastity except her own declaration, and it was held that "the evidence should show, beyond a reasonable doubt, that she was not previously unchaste."

After carefully considering many former Nebraska decisions on this point, we have reached the conclusion, with great reluctance, that, in order for the state to make out a *prima facie* case, it must establish the previous chastity of the prosecutrix beyond a reasonable doubt, otherwise the guilt is not established, and this the evidence of the

state failed to do. *Nabower v. State,* 105 Neb. 848; *Bailey v. State,* 57 Neb. 706; *Gammel v. State,* 101 Neb. 532; *Myers v. State,* 51 Neb. 517; *Leedom v. State,* 81 Neb. 585; *State v. Kelly,* 245 Mo. 489, 43 L. R. A. n. s. 476; 52 C. J. 1012; *Krug v. State,* 116 Neb. 185; *Hudson v. State,* 97 Neb. 47.

It is contended by the prosecution that, although the state may have failed to prove the previous chastity of the prosecutrix, still the conviction of the defendant may be sustained, because several acts of intercourse between the parties were admitted to the sheriff which occurred within the statute of limitations, and took place before she became 15 years of age; that the question of previous chastity would not be an element of these offenses, and that, each act being a separate and distinct offense, it was within the province of the jury to find the defendant guilty of any one of such several acts without any proof of previous chastity. On the record before us, this contention is without merit. The case was not prosecuted upon such a theory. No such issue was submitted to the jury, for the information was not so framed.

In determining the guilt or innocence of the defendant, the jury were limited by the instructions of the court, following the information, to a consideration of the acts occurring after the prosecutrix became 15 years of age. The jury were instructed that the previous chastity of the prosecutrix was an essential element of the crime charged, and that, if the state had failed to prove the same beyond a reasonable doubt, they should acquit the defendant. Under the instructions of the court, the jury might find the defendant guilty of any act of intercourse with the prosecutrix occurring after she became 15 years of age, but not of any act of intercourse previous to that time.

The sentence pronounced in this case was for a term of not less than three years nor more than seven years in the penitentiary. In case of another conviction, the court could avoid this error, as an indeterminate sentence

cannot be given in a rape case. Comp. St. 1929, sec. 29-2620; *Strong v. State,* 106 Neb. 339.

For the reasons stated in the opinion, the judgment is reversed and cause remanded.

REVERSED.