FRED ARTHUR EDMONDS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

79 N. W. 2d 453

Filed December 7, 1956. No. 34012.

*Schrempp & Lathrop,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein Fred Arthur Edmonds and Gerald Carter, as defendants, were charged

in an indictment with the crime of manslaughter. By the indictment it was charged that they did unlawfully kill and slay G. W. DuBose. Fred Arthur Edmonds was tried separately to a jury on the charge and was convicted. From the conviction he filed a motion for new trial, which was overruled, whereupon he was sentenced to serve a term of not less than 6 nor more than 8 years in the State Reformatory for Men.

For the purpose of obtaining a reversal of the conviction and sentence he has brought the case here for review by petition in error. He is plaintiff in error but will for convenience hereinafter be referred to as the defendant. The State of Nebraska is defendant in error but it will be referred to as the State.

The only question presented to this court by the defendant's assignments of error is that of whether or not the trial court erred in the exclusion of evidence offered on behalf of the defendant. No question of the sufficiency of the evidence of the State to sustain the conviction is presented. This is specifically declared in the brief of the defendant as follows: "However, in line with counsel's feeling that one clear-cut reversible error is better than a multiplicity of close legal questions the sufficiency of the State's evidence is not raised herein."

The evidence summarized to the extent necessary to relate it here supporting the verdict of the jury is as follows: On September 8, 1954, at about 11:30 p. m., G. W. DuBose was standing beside an automobile which was stopped a short distance north of Twenty-first and Locust Streets in East Omaha, Nebraska, in front of a tavern known as Givens Bar when the defendant herein and Gerald Carter approached DuBose and knocked, threw, or pushed him to the ground or pavement, kicked him, moved him a short distance, and then got into another automobile and drove away. The evidence does not disclose clearly whether the fall of DuBose was on a dirt or paved surface. There was no altercation be-

fore the attack and no offer or threat of resistance or of offensive action on the part of DuBose. The evidence does not disclose any movement of DuBose after his placement by the defendant and Carter after the attack. There is evidence from eye-witnesses that at the time DuBose was in an intoxicated condition. A short time after the attack some one called the office of the sheriff of Douglas County, Nebraska, and a deputy sheriff responded to the call. He went to the scene and found DuBose, examined his pulse, and arrived at the opinion that he was dead.

Thereafter the body was removed to the University of Nebraska Medical College Hospital where an autopsy was conducted by a competent and qualified pathologist. This was started about 5:30 a. m. September 9, 1954. The visual examination disclosed some coagulated blood mixed with dirt about the mouth, a laceration about one-half inch long beneath the lower lip, a small amount of blood in the center about the gums, and a few superficial bruises or abrasions scattered on the body surface.

Inside the cranial cavity and beneath what was termed the arachnoid membrane there was found a hemorrhage or free blood in an amount estimated to be 40 to 50 cubic centimeters or 2 ounces. The free blood or hemorrhage, which was found, caused the death because of its passage into the brain stem in which were the centers of control leading to the heart, thus producing pressure and destroying the functioning of the brain and producing heart stoppage.

After the pathologist had described the condition which had been found and had given his opinion as to the immediate cause of death, a hypothetical question was propounded to him containing the essentials of the testimony as to what had been visited upon DuBose immediately before his death. The witness was asked to assume the truth of the hypothesis, couple with it his findings, and give his opinion as to the cause of the death. The opinion given was that the trauma de-

scribed produced the condition which was the cause of death.

As already pointed out the defendant does not contend that this evidence was not sufficient to sustain a verdict. The point advanced, as we interpret it, is that evidence was rejected from which, if it had been admitted, a conclusion could be reached that the hemorrhage which caused the death flowed from a cause or causes other than the attack upon DuBose which was described.

There are two assignments of error. By the first, the argument, and a reference to the testimony of the pathologist whose testimony has been reviewed herein, it appears that the defendant is contending that certain evidence rejected coupled with that of the pathologist would support a conclusion that the hemorrhage which caused the death was produced by intoxication which in its turn produced an aneurysm rather than trauma.

The answer to one phase of this is that the evidence of the State clearly and unequivocally disclosed that DuBose was intoxicated in a high degree. The evidence in this respect came in in an irregular manner but no objection was taken to the method or means by which it came into the evidence. It would have been cumulative on a subject proved and not in dispute, and therefore even if it was admissible it was not error to reject it.

The rule is well established that the admission or rejection of cumulative evidence is ordinarily within the trial court's discretion, and its ruling thereon will not be held erroneous by the Supreme Court unless abuse of such discretion clearly appears. Young v. Kinney, 85 Neb. 131, 122 N. W. 679; Horky v. Schroll, 148 Neb. 96, 26 N. W. 2d 396; O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123; Klinginsmith v. Allen, 155 Neb. 674, 53 N. W. 2d 77.

The cases cited are all civil actions but as evidenced by what was said in Kelly v. State, 51 Neb. 572, 71 N. W. 299, as follows, the rule is the same in criminal cases:

"The main fact had been proved by other witnesses and was not disputed; hence the rights of plaintiff in error were not prejudiced by the exclusion of the testimony, and there was no available error."

Another inferable phase is that this was offered as foundation for proof of an aneurysm. The answer to this other phase is that it could not be regarded as the rejection of evidence foundational for proof that the hemorrhage was caused by an aneurysm and not by trauma since there was no proof or offer of proof that the hemorrhage was thus caused. The only evidence offered or adduced on this subject was the testimony of the pathologist and his testimony was to the contrary.

The defendant urges that under the following stated proposition of law in his brief that this offered evidence was admissible and that the rejection of it was error: "Any factual testimony, the effect, tendency or design of which, when presented to the mind, is to produce a persuasion either affirmative or disaffirmative of its existence is relevant and admissible testimony." Cited in support of the proposition are 20 Am. Jur., Evidence, § 247, p. 241, and 31 C. J. S., Evidence, § 158, p. 866.

The statement is apparently a paraphrase of language appearing in the section referred to in American Jurisprudence. As such however it omits an important element contained in the statement in the text. The omitted element declares that the evidence of the fact must have the " 'effect, tendency, or design * * * to produce a persuasion concerning the existence of some other matter of fact * * *.' "

In the state of the record as it has come to this court this offered evidence did not come within the bounds of this test.

The second assignment of error relates to refusal to admit evidence of irritability of DuBose 6 or 7 hours before his death in surroundings and under circumstances having no relationship to the incidents involved in his death. In argument it is urged substantially that this

was symptomatic evidence of mounting pressure from a brain hemorrhage prior to the occurrence which caused the death of DuBose and that the jury had the right to consider it in that light.

It appears that nothing further needs to be said as to this assignment except that the determination made upon the first assignment is equally appropriate here for the reasons which were stated there. Both of the assignments of error are without merit.

An error not assigned in the brief was called to the attention of the court at the time the case was heard which requires consideration.

As pointed out the sentence imposed was for not less than 6 nor more than 8 years. This was an indeterminate sentence within the meaning of section 29-2620, R. R. S. 1943. Manslaughter is a crime of violence within the meaning of this section. Also within the meaning of the section an indeterminate sentence imposed is erroneous. Strong v. State, 106 Neb. 339, 183 N. W. 559; Larson v. State, 125 Neb. 789, 252 N. W. 195; Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349.

As is made clear in Strong v. State, *supra*, the imposition of an indeterminate sentence does not invalidate the conviction. The only effect is to require that the cause shall be remanded to the district court for the imposition of a proper sentence.

On the record herein the conclusion reached is that there is no error necessitating a new trial, but the judgment is reversed and the cause remanded with directions to the trial court to impose a sentence of a definite term.

REVERSED AND REMANDED WITH DIRECTIONS.