STATE OF NEBRASKA, APPELLEE, v. ANTONIO ALMIO
LARAVIE, APPELLANT.
223 N. W. 2d 435

Filed November 21, 1974. No. 39508.

Leo M. Williams, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was charged with first degree murder

and pleaded guilty to a reduced charge of second degree murder. The District Court sentenced the defendant to imprisonment for an indeterminate term of not less than 35 years nor more than life.

The statement of facts is summarized from evidence and testimony received at the sentencing hearing. The defendant, Antonio Almio Laravie, was born April 16, 1958; was married November 15, 1972; and is the father of a child born December 27, 1972. On August 17, 1973, beginning at about noon, the defendant, along with various friends and relatives, began a drinking bout which proceeded from bar to bar and residence to residence until approximately 4 a.m. on the morning of August 18, 1973. By then there were four persons still present at the residence of Edward Taylor in Niobrara, Nebraska. The defendant left the Taylor residence, alone and on foot, purportedly to make a telephone call at a public telephone some 6 blocks away. The defendant then entered the house of Mr. and Mrs. Chad Wilson, located about 1½ blocks from the Taylor residence. He gained access through a hooked screen door, and picked up a knife in the kitchen. He went into a bedroom. In the bedroom, the Wilson's 2 ½-year-old child woke up and made a noise. The defendant put his hand over the child's mouth and stabbed him twice in the chest. The autopsy report shows that death was the result of one of the wounds in the chest, and that death occurred virtually instantaneously.

The court, in passing sentence, found that the defendant was a particularly dangerous offender, and that confinement for a minimum term was necessary in order to protect the public from further criminal activities by the defendant.

The sole thrust of the appeal is that the trial court was without authority to impose an indeterminate sentence in this case and that the sentence is therefore erroneous.

Section 83-1,105, R. S. Supp., 1972, provides: "Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may:

"(1)  Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law;

"(2)  Impose a definite term of years, in which event the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law; or * * *."

This statute currently governs the imposition of an indeterminate sentence in Nebraska. In State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793, this court held that subsection (1) of section 83-1,105, R. S. Supp., 1972, is not applicable in cases where the maximum sentence fixed by law is a life sentence. This court said: "There is no way to determine the true length of a life sentence. Even taking into account such matters as age, health, and life expectancies, no true measurement can be arrived at. Since the length in years of a life sentence is impossible to determine, so too is it impossible to determine what one-third of such a sentence should be in terms of years. We can only conclude that this section was not legislatively designed to apply in cases of this type." That holding was re-affirmed in State v. Russ, 190 Neb. 130, 206 N. W. 2d 561.

Historically Nebraska statutes which have authorized indeterminate sentences in the past have not extended to the crime of murder. If the current statute does not apply to second degree murder where the maximum penalty authorized by law is life imprisonment, then there is no statute which authorizes an indeterminate

sentence in such cases. The general rule is that an indeterminate sentence is insufficient and invalid unless authorized by statute. That general rule rests upon the proposition that indeterminate sentences were not authorized at common law and may not be pronounced without specific legislative sanction. See, 24B C. J. S., Criminal Law, § 1993a, p. 615; Commonwealth ex rel. Webb v. Cain, 158 Pa. Super. 222, 44 A. 2d 606. Quite clearly, Nebraska has followed that rule. Strong v. State, 106 Neb. 339, 183 N. W. 559, involved an indeterminate sentence of 3 to 20 years for rape. This court remanded the cause with directions to the trial court to impose a sentence of a definite term because rape was excepted from the provisions of the indeterminate sentence statute then in effect. See, also, Larson v. State, 125 Neb. 789, 252 N. W. 195; Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349; Edmonds v. State, 163 Neb. 323, 79 N. W. 2d 453.

Since subsection (1) of section 83-1,105, R. S. Supp., 1972, the indeterminate sentence law, does not apply to a sentence for second degree murder, the defendant must be sentenced under the provisions of section 28-402, R. R. S. 1943. That section provides that upon a conviction for second degree murder, the guilty person "shall be imprisoned in the Nebraska Penal and Correctional Complex not less than ten years, *or during life.*" (Emphasis ours.) Under present statutes, upon conviction for second degree murder, the court is not authorized to pronounce an indeterminate sentence. The court may impose a sentence of a definite term of years, not less than the minimum authorized by law; or, in the alternative, may impose a sentence of life imprisonment.

The conviction here is affirmed, and the cause remanded to the trial court for resentencing.

JUDGMENT OF CONVICTION AFFIRMED, AND CAUSE REMANDED FOR RESENTENCING.