STATE OF NEBRASKA, APPELLEE, V. SAMUEL SHELBY, JR., APPELLANT.

232 N. W. 2d 23

Filed August 7, 1975. No. 39812.

Seb Caporale, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The assignment of error in this case relates to the sentencing of the defendant to a period of 3 years in the Nebraska Penal and Correctional Complex, a period of

5 to 15 years for shooting with intent to kill, wound or maim, and 5 to 15 years for assault with intent to rob, all to be served consecutively. The record shows that prior to the time of imposition of sentence, the court, pursuant to section 29-2261 (2), R. S. Supp., 1974, ordered a presentence investigation report. After receiving the report, the court desired more detailed information and committed defendant to the Division of Corrections for a period of 90 days for a complete study and evaluation, under the provisions of section 83-1,105, R. S. Supp., 1974. Upon receipt of the evaluation report, the court sentenced defendant to the security section of the Lincoln Regional Center for such time as was necessary to be determined by the director, and that the director shall provide such psychiatric, social, and vocational therapy as is needed. The director of the Lincoln Regional Center refused to accept the defendant pursuant to this sentence, and this controversy followed.

It is undisputed that subsection (4) of section 29-2261, R. S. Supp., 1974, only authorizes the court to order the offender to submit to psychiatric observation and examination *for a period of not exceeding 60 days or a longer period as the court determines necessary for that purpose.* It is abundantly clear that this section of the statute was designed as an aid to the court before imposing a valid legal sentence.

The original "sentence" or order of the District Court sentencing the defendant after receiving the report from the Division of Corrections stated and ordered: "Center to provide such vocational, social and psychiatric treatment as is necessary." As we have already pointed out, that while observation and examination are authorized under section 29-2261(4), R. S. Supp., 1974, for the purpose of aiding the court to impose a lawful and legal sentence or disposition of the case under the statute, *there is no provision* for treatment or confinement of the defendant in the Lincoln Regional Center under the discretion of the director.

It is apparent from the record that the District Court realized its error, and that this "sentence" was unauthorized, not provided for by statute, and either erroneous or void. Consequently the court required the defendant to appear again before it on September 11, 1974, and the court at that time gave the defendant and his attorney full opportunity to make any objections they might have to the procedure being followed, and no objections having been made, the court proceeded to sentence the defendant to the Nebraska Penal and Correctional Complex for the periods stated above in this opinion.

This case is here on direct appeal. It is settled law that the District Court has the power to impose a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself has invoked appellate jurisdiction for the correction of error. In re Fanton, 55 Neb. 703, 76 N. W. 447; State v. Gaston, 191 Neb. 121, 214 N. W. 2d 376. See, also, State v. Brevet, 180 Neb. 616, 144 N. W. 2d 210; Quinton v. State, 112 Neb. 684, 200 N. W. 881.

The action of the trial court in sentencing the defendant to the Nebraska Regional Center as a final disposition of the case was erroneous, invalid, and perhaps void. The defendant remained under the jurisdiction of the court, was brought back before the court, personally appeared with his attorney, and a valid sentence was legally imposed. No question or contention is made in this case as to the validity of the conviction of the defendant for the crimes charged. The final sentence of the District Court, as heretofore mentioned, is correct and is affirmed.

AFFIRMED.