STATE OF NEBRASKA, APPELLEE, v. ANTONIO ALMIO LARAVIE, APPELLANT.

233 N. W. 2d 789

Filed October 16, 1975. No. 40021.

Leo M. Williams, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCOWN, J.

The defendant was charged with first degree murder and pleaded guilty to a reduced charge of second degree

murder. The conviction was affirmed by this court but remanded for resentencing. The District Court resentenced the defendant to life imprisonment and the case is once more here on appeal from that sentence. The only question involved in this appeal is whether the sentence is excessive.

The facts are set out in State v. Laravie, 192 Neb. 625, 223 N. W. 2d 435. The crime was a vicious one in which the defendant broke into a residence at night, stabbed a 2½-year-old child in the chest, and killed him. The trial court at the resentencing hearing specifically found the crime involved to be a heinous crime, and that the defendant was a dangerous offender.

The record overwhelmingly supports the action of the trial court. The only possible mitigating factor is the defendant's age. He was 15 years old at the time of the commission of the crime and 16 years old at the time of resentencing, and had an eighth grade education. The defendant's record of offenses contains 42 entries over a period of 6 years. His first listed offense was threatening three children with a knife when he was 9 years old. The final offense listed is the murder involved here. Between the two is a continuous, almost uninterrupted series of offenses, some minor and some serious. At the age of 15, several years of his life had already been spent in juvenile correctional institutions. The psychological evaluation fully confirmed the court's finding that he was a dangerous offender. The doctor who testified as a witness for the defendant stated that he did not think it would be safe for the defendant to go at large.

In spite of the defendant's youth, the record here fully supports the action of the District Court in finding the defendant to be a dangerous offender and in imposing a maximum sentence of life imprisonment. Unless an abuse of discretion appears, a sentence within statutory limits will not be disturbed on appeal. State

v. Ralls, 192 Neb. 621, 223 N. W. 2d 432. There was no abuse of discretion here.

AFFIRMED.