STATE OF NEBRASKA, APPELLEE, v. GARY L. BLANKENSHIP, APPELLANT.

237 N. W. 2d 868

Filed January 29, 1976. No. 40157.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was found guilty by a jury on a charge of second degree murder and sentenced to life imprisonment. The issues involved are whether the sentence is excessive and whether, after the imposition of an invalid indeterminate sentence, a resentencing to life imprisonment was invalid and unconstitutional.

On April 11, 1975, a jury found the defendant guilty on a charge of second degree murder. On April 14, 1975, the defendant filed a motion for new trial. On Friday, May 2, 1975, the District Court overruled the motion for new trial and imposed a sentence for an indeterminate period of not less than 25 years nor more than 30 years. On Monday, May 5, 1975, the court, on its own motion, determined that the indeterminate sentence previously imposed was invalid; vacated that sentence; and sentenced the defendant to life imprisonment. On May 9, 1975, the defendant filed a notice of appeal.

The defendant's basic contention here is that the

District Court had no power to resentence the defendant to a harsher sentence than the one originally imposed. The defendant relies on North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, to support his position and inferentially contends that the maximum term of 30 years in the original indeterminate sentence constituted a valid sentence which could not be increased. We disagree.

There is a serious question as to whether the second sentence here was actually harsher than the original indeterminate sentence. Under the laws applicable then, a sentence to life imprisonment, so far as eligibility for parole is concerned, was the same as though 10 years had been expressed as the minimum of an indeterminate sentence. See State v. Thompson, 189 Neb. 115, 201 N. W. 2d 204. The original sentence pronounced here was 25 to 30 years. As a practical matter, there is considerable doubt as to which sentence was more harsh. Even if we assume that the life sentence was more harsh, the result in this case is unchanged.

The general rule is that if the original sentence is invalid, it is of no effect and the court may then impose any sentence which could have been validly imposed in the first place. As this court said in State v. Shelby, 194 Neb. 445, 232 N. W. 2d 23: "It is settled law that the District Court has the power to impose a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself has invoked appellate jurisdiction for the correction of error."

In State v. Laravie, 192 Neb. 625, 223 N. W. 2d 435, this court specifically held: "Under present statutes, upon conviction for second degree murder, the court is not authorized to pronounce an indeterminate sentence. The court may impose a sentence of a definite term of years, not less than the minimum authorized by law; or, in the alternative, may impose a sentence of life imprisonment." Under that holding the original sentence

here was clearly erroneous and invalid and the District Court had the authority to impose a valid sentence for the offense.

The remaining question is whether the corrected sentence could increase the maximum term of imprisonment. In Bozza v. United States, 330 U. S. 160, 67 S. Ct. 645, 91 L. Ed. 818, the United States Supreme Court upheld the addition of a statutorily required period of parole to a prison term previously imposed as against a charge of double jeopardy. In Thompson v. United States, 495 F. 2d 1304 (1st Cir., 1974), the court said: "The full import of Bozza is that a trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides."

In Garcia v. United States, 492 F. 2d 395 (10th Cir., 1974), cert. den. 419 U. S. 897, 95 S. Ct. 178, 42 L. Ed. 2d 142, the court said: "The rule that the penalty of a sentence cannot be increased after the sentence is being served is applicable only when the sentence is legal and valid and within the minimum and maximum statutory sanctions."

The record in this case establishes that the District Court realized that the original sentence was invalid and erroneous, and on the next court day, on its own motion, vacated that sentence and entered a valid one. The record negatives any suggestion that the defendant was being penalized for exercising any of his constitutional rights, or that there was any intent to chill the exercise of his right to appeal. The defendant had not filed any notice of appeal at the time of resentencing, but did so 4 days later. Any errors at trial could have been argued in this appeal. Significantly, none were assigned or argued. North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656, is not applicable here.

The remaining issue is the contention that the sentence of life imprisonment is excessive. The defendant here shot and killed his brother in a dispute over fi-

nancial differences in the presence of witnesses. He is 30 years of age with a criminal record extending over almost half his lifetime, including three prior felony convictions. A sentence within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Laravie, 194 Neb. 548, 233 N. W. 2d 789. There was no abuse of discretion here.

AFFIRMED.