Gary L. BLANKENSHIP, Appellant,

v.

Robert F. PARRATT, Warden, Nebraska
Penal and Correctional
Complex, Appellee.

No. 76–2067.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1977.

Decided May 2, 1977.

James M. Bausch, Lincoln, Neb., for appellant.

Jerold V. Fennell, Asst. Atty. Gen., Lincoln, Neb., for appellee; Paul L. Douglas, Atty. Gen. and Paul W. Snyder, Asst. Atty. Gen., Lincoln, Neb., on brief.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Gary L. Blankenship appeals from an order denying him a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254. For the reasons stated below, we affirm.

Blankenship was convicted of second degree murder by a jury in state district court on April 11, 1975. He was sentenced on Friday, May 2, 1975, to an indeterminate sentence of twenty-five to thirty years. However, on the next day that court was in session, Monday, May 5, 1975, the court, *sua sponte*, found the sentence to be invalid in light of recent Nebraska case law holding that indeterminate sentences could not be imposed for second degree murder convictions. The original conviction was therefore vacated and a new sentence of life imprisonment was imposed.

Aside from the increase in the maximum number of years to be served, there was an additional change in Blankenship's status as a result of the new sentence: the number of years that he would be required to serve before he became eligible for parole *decreased*. In regard to the original indeterminate 25–30 year sentence, under the Nebraska scheme of sentencing and parole eligibility, Blankenship would have to serve 25 years before he was eligible for parole. In contrast under a life sentence, he would be eligible for parole after 10 years. The district court was not unaware of this aspect of the new sentence. Judge Clark stated at the time of resentencing that

As your attorney, I am sure, will explain to you, this at least has every possibility

of being a much more lenient sentence than imposed last Friday. It is more lenient than I had intended.

Blankenship appealed his sentence to the Nebraska Supreme Court. *State v. Blankenship*, 195 Neb. 329, 237 N.W.2d 868 (1976). His basic contention was that the district court had no power to resentence him to a harsher sentence than the one originally imposed. In resolving this issue, the court addressed the two components of the question separately: first, whether the district court had the power to resentence where the original sentence was "erroneous and invalid"; and secondly, whether the court had the power under the facts of the sentencing procedure involved herein and without running afoul of the double jeopardy clause, to increase the maximum term of imprisonment. The court relied primarily on *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947) which validated the imposition of a stiffer penalty upon corrective resentencing as not in conflict with the double jeopardy clause. Blankenship's resentencing was affirmed.

Blankenship then sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on the same grounds as raised in the state proceedings. The trial court, Chief Judge Warren K. Urbom presiding, found that the imposition of the second harsher sentence was not invalid under the double jeopardy clause and denied grant of a writ of habeas corpus. From that denial, Blankenship appeals to this court.

Judge Urbom analyzed Blankenship's attack on the power of the court to impose a harsher resentence and the Nebraska Supreme Court's resolution of that issue in the following manner:

> The petitioner stresses that the Nebraska cases clearly make the distinction that an erroneous sentence may be either invalid or void. If invalid only, the sentence is legitimate authority for incarcerating the convicted person; however, if the sentence is void, it is of no force whatsoever. Since the Supreme Court of Nebraska did not use the term "void" to describe the original sentence, the petitioner concludes that the erroneous-but-not-void distinction is applicable to his case.

> While this argument is plausible, I find that it is too strained a reading of the opinion affirming the resentencing of the petitioner. The language used by the Supreme Court of Nebraska indicates to me that the original sentence was of no force whatever. In one of its introductory paragraphs the court stated:

>> "The defendant's basic contention here is that the District Court had no power to resentence the defendant to a harsher sentence than the one originally imposed. The defendant relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, to support his position and inferentially contends that the maximum term of 30 years in the original indeterminate sentence constituted a valid sentence which could not be increased. We disagree." *State v. Blankenship*, 195 Neb. at 330–31 [237 N.W.2d 868].

> Then in analyzing the issue the court announced the following principles:

>> "The general rule is that if the original sentence is invalid, it is of no effect and the court may them impose any sentence which could have been validly imposed in the first place. As this court said in *State v. Shelby*, 194 Neb. 445, 232 N.W.2d 23: 'It is settled law that the District Court has the power to impose a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself has invoked appellate jurisdiction for the correction of error.'

>> "In *State v. Laravie*, 192 Neb. 625, 223 N.W.2d 435, this court specifically held: 'Under present statutes, upon conviction for second degree murder, the court is not authorized to pronounce an indeterminate sentence. The court may impose a sentence of a definite term of years, not less than the minimum authorized by law; or, in the alternative, may impose a sentence of life imprisonment.' Under that hold-

ing the original sentence here was clearly erroneous and invalid and the District Court had the authority to impose a valid sentence for the offense." Id. at 331–32 [237 N.W.2d 868].

The thrust of this discussion is that the original sentence was not effective in any sense and was void. I think it would be a mistake to conclude that either Nebraska sentencing law or the constitutional principle of double jeopardy is so mechanical that important results turn upon whether a particular word such as "void" is invoked by a court. The import of *State v. Blankenship* is that the original sentence was utterly unauthorized by statute and necessarily had to be corrected. The situation was similar to the one which prompted the Supreme Court of the United States to observe in *Bozza, supra*:

"If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all."

▮ We concur in Judge Urbom's analysis of the Nebraska Supreme Court's decision in *Blankenship, supra*, and agree that the resentencing was a valid exercise of the court's power. As Judge Urbom noted, *Bozza v. United States, supra*, is the leading case in situations where the sentence imposed was erroneous in some respect and was later corrected resulting in an increased penalty. There, the trial court sentenced the defendant to a prison term but neglected to impose a mandatory fine. Five hours later the judge recalled the defendant and corrected the sentence by imposing the mandatory fine. The court's decision in *Bozza* upholds the power of the trial court to correct its sentencing errors without violating the protection of the double jeopardy clause, even when the result is an increased penalty.

In *United States v. Durbin*, 542 F.2d 486 (8th Cir. 1976) this court refused to permit the enhanced sentence. Durbin was exposed to a harsher sentence because he challenged and succeeded in establishing that a prior conviction was unconstitutional. *Durbin* did not directly address the question

which is at issue here; but *in dicta*, the court stated that

Increases of void sentences have been permitted on the basis that a defendant should not be allowed to escape punishment altogether because of an inadvertent error. See, e. g., *Bozza v. United States* (citation omitted).

*Id.* at 489.

We also note that where the increased penalty imposed is the result of vindictiveness on the part of the court, thereby penalizing those persons who choose to exercise their constitutional rights, such an increased sentence would be a "flagrant violation of the Fourteenth Amendment." *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Again, we concur in Judge Urbom's opinion that under the circumstances of this case and in light of the comments made by the court at the time of resentencing as quoted above, there is no evidence of vindictiveness nor can any be imputed to the resentencing judge.

Under the facts in this case we find no constitutional prohibition under the double jeopardy clause to resentencing even though the punishment may be more severe. Accordingly, we affirm the denial of the writ of habeas corpus.