436 So.2d 82 (1983)
Charles F. BEECH and Fred Pendley, Petitioners,
v.
STATE of Florida, Respondent.
Donald Lee ADAMS, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 61925, 62128.
Supreme Court of Florida.
July 28, 1983.
Steven L. Bolotin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for Beech.
Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for Adams.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Jacksonville, and Gregory C. Smith, Tallahassee, Asst. Attys. Gen., for respondent.
BOYD, Justice.
These consolidated cases are before the Court on petitions for review of two decisions of the District Court of Appeal, First District,[*] both of which passed upon questions which the district court certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In separate criminal proceedings all three petitioners were placed on probation but were required to serve lengthy terms in prison as conditions of their probation, followed *83 by continued terms of ordinary probation. Such punishment is referred to as the "split sentence alternative." All three petitioners successfully challenged the validity of these orders under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). On remand to the trial courts, each petitioner was sentenced to a term of imprisonment longer than the originally required period of incarceration but no longer than the original combined term of incarceration and probation. The petitioners appealed, contending that their sentences constituted increased criminal penalties following appeal and were in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The district court of appeal affirmed the sentences and in both cases (two of the appeals having been consolidated by the district court) certified the following questions to be of great public importance:
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the period of imprisonment and probation originally imposed? If not, what is the maximum sentence?
2. If the corrected sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)?
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce?
Adams v. State, 414 So.2d at 1081; Beech v. State, 411 So.2d at 1385-86. Our answer to these questions is that in correcting a voidable order of punishment for a criminal offense a trial judge may impose a sentence of imprisonment no longer than the originally ordered combined period of incarceration and probation and that the sentences imposed in these cases did not deprive the petitioners of due process of law.
In North Carolina v. Pearce, the United States Supreme Court held that at a new trial following a successful appeal, a convicted person may not be given a sentence more severe than that originally imposed unless it is "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. The purpose of this holding was to assure that convicted persons could take an available appeal without fear of retaliation from the sentencing judge.
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
Id. at 725, 89 S.Ct. at 2080 (footnote omitted). Thus it is not the more severe penalty itself but rather the use of the fear of a more severe penalty to deter the exercise of the right of appeal that concerned the Court under principles of due process.
For Pearce to be applicable, then, there must be some connection between the imposition of a more severe sentence and the defendant's exercise of some right. When the defendant has not sought to have his sentence vacated or modified but the court imposes a more severe sentence to replace an illegal sentence on its own motion or on motion of the state, Pearce is inapplicable. E.g., Blankenship v. Parratt, 554 F.2d 850 (8th Cir.1977); Bell v. United States, 521 F.2d 713 (4th Cir.1975), cert. denied, 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976); State v. Pina, 440 A.2d 962 (Conn. 1981); State v. Blankenship, 195 Neb. 329, 237 N.W.2d 868 (1976). However, when a *84 defendant is resentenced after having the original sentence vacated on the ground that the sentencing judge relied on a conviction that was subsequently set aside, Pearce is applicable. United States v. Durbin, 542 F.2d 486 (8th Cir.1976); Commonwealth v. Brown, 445 Pa. 274, 314 A.2d 506 (1974). In such cases the threat of a more severe sentence may deter a convicted person from seeking to vindicate his right to be sentenced only on the basis of valid considerations. Therefore, Pearce applies to sentencing proceedings that are held as a result of the convicted person's having pursued his constitutional or statutory rights regarding sentencing.
In the instant cases the petitioners invoked their rights to have their orders of probation with incarceration corrected after Villery declared certain punishments of this variety to be illegal under the applicable statutes. In Villery we held that the period of incarceration that may be imposed as a condition of probation is limited to less than one year. The opinion went on to explain the practical consequences of our construction of the pertinent statutes:
Accordingly, one who has been given a split sentence probation contrary to the mandate of this decision is entitled upon application to have the illegal order corrected. In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment. However, unless a condition of probation is determined to have been violated, the court may not extend the term of probation either with or without incarceration, nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation. If a condition of probation is found to have been violated, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the defendant on probation. See § 948.06, Fla. Stat. (1979).
396 So.2d at 1111-12.
By placing a limitation on the sentence that could be imposed in place of such an illegal "split sentence," the Villery decision gave effect to the principle of Pearce that vindictiveness should play no part in the resentencing of a convicted person. However, in Villery we were faced with a unique problem that was not considered by the Supreme Court in Pearce. Under Pearce, when a person is being sentenced after a second trial brought about by the taking of a successful appeal, a sentence identical to the sentence originally imposed creates no due process problem. In the present cases, "resentencing" was necessary because the punishments originally imposed were illegal under Villery. In other words, by declaring a category of split sentences illegal, we took away the alternative of imposing sentences identical to those originally imposed.
Implicit in the Villery decision is the principle that if incarceration is the real objective of the judge's order, such objective should be achieved through a sentence of imprisonment and not through a probation order with a lengthy period of incarceration as a condition of probation. The latter alternative was seen as a device for defeating the jurisdiction of the Parole and Probation Commission and thus violated legislative intent if the incarceration required was of a period of one year or more.
In the present cases, therefore, the sentencing judges were required to impose sentences that were inherently different in kind from the original orders of probation with incarceration. Because of the differences between such an order of probation and a sentence of imprisonment, it is impossible to devise a formula for precisely ranking the various sentencing alternatives according to degree of severity. The single factor common to both kinds of treatment is the total period of time the convicted person is under state supervision. So, in Villery we concluded that any sentence of imprisonment should be no longer than the original combined term of incarceration and probation. We do not believe that any further limitation is needed in order to avoid having a deterrent effect on a defendant's *85 exercise of his right to have his original illegal order corrected. When a sentence is imposed within this guideline, although it may be harsher than the original order in some respects, we will presume that it was not rendered out of vindictiveness.
Since there is no evidence in the records of these cases to show that the sentences here in question are both more severe than the original punishments and were imposed to retaliate against the petitioners for having pursued their rights, the presumption of correctness stands. We therefore hold that these sentences did not deprive petitioners of due process. Accord Stuckey v. Stynchcombe, 614 F.2d 75 (5th Cir.1980); Jones v. United States, 538 F.2d 1346 (8th Cir.1976).
The decisions of the district court of appeal are therefore approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS and OVERTON, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
McDONALD, J., dissents with an opinion.
EHRLICH, Justice, concurring specially.
I concur with the majority based on the facts of these cases as governed by the judicial interpretation of the validity of split sentences since Villery. The petard on which we find ourselves hoisted is clearly one of our own construction. The error in Villery, as pointed out at the time by Justice McDonald was to impose the limitation of the period of incarceration which correctly applies to incarceration as a condition of probation pursuant to sections 948.01(3) and 948.03(2), Florida Statutes (1979) to the unrelated period of incarceration imposed pursuant to the true split sentence authorized by section 948.01(4), Florida Statutes (1979).
A close reading of the statute illuminates the analytical distinctions between the alternatives. For incarceration to be imposed as a condition of probation, sentence must be either stayed or withheld. In a true split sentence, sentence is imposed and probation may be substituted for in-custody service of a portion of that sentence. Nor does the true split sentence divest the Florida Parole and Probation Commission of its statutory power to consider the prisoner for parole  the major concern of the Villery Court in prohibiting incarceration for a period greater than one year as a condition of probation. Any prisoner under sentence for a period greater than one year is unarguably within the purview of section 947.16, Florida Statutes (1979). See Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981).
Had the Court refused on rehearing to expand its original holding in Villery to true split sentences, the petitioners now before us would have had the benefit of their original sentences and we would not be so hard-pressed to distinguish their plight from that proscribed in Pearce. More significantly, judges  and society  would still have available a useful sentencing option, one which was clearly within the contemplation of the legislature.
I would prefer to recede from Villery and reinstate the sentences originally imposed.
McDONALD, Justice, dissenting.
These cases illustrate the dilemma created by that portion of the majority opinion in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981), which held invalid incarceration, pursuant to the split sentence alternatives provided in subsections 948.01(4) and 948.03(2), Florida Statutes (1979),[1] for more than one year. I urged in a special concurrence to Villery, that those statutory provisions clearly allow *86 a trial court to impose a sentence of incarceration for a term of years, during which the prisoner would be eligible for parole consideration, to be followed by a term of probation. Such a true split sentence alternative allows the trial court the flexibility to ensure that a defendant remains under some type of state supervision for an appropriate length of time, but does not sanction the abuse complained of in Villery, i.e., circumvention of the parole process by imposition of a lengthy prison sentence as a condition of probation. The "legal and administrative morass" which the majority feared would be created by such split sentences is, in fact, not so insurmountable as to justify the removal of a sentencing alternative clearly provided by the legislature. But my view did not prevail.
Villery's retroactive abolition of the split sentence alternative involving incarceration for more than one year has forced the trial judges of this state to fulfill their original, legitimate sentencing goals through other means. In petitioners' cases, this has resulted in dropping the probationary term and increasing the term of imprisonment.[2]
As the majority recognizes, it is impossible to quantify the severity of the various incarceration-probation combinations originally imposed on the petitioners. No reasonable person, however, would equate probation to imprisonment. Adam's resentencing from fifteen years' probation with two years of incarceration as a condition of probation to a flat ten-year prison sentence is clearly an increase in punishment. On the other hand, Pendley's new sentence of twelve years in prison is less obviously more severe than his original term of ten years' incarceration followed by five years of probation.
The due process analysis of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), however, compels me to conclude that since an equation cannot be formulated, an increase in the length of incarceration must be regarded as a more severe punishment, which must be justified on the record by "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081. By its very definition, incarceration is a more drastic restriction on an individual's freedom than is state-supervised probation. It may be that some defendant would prefer a slight lengthening of his prison term in return for complete freedom from state supervision upon his release. Nevertheless, it is clear that the possibility, indeed likelihood, of an increased prison term may unconstitutionally deter prisoners from exercising the right given them in Villery to collaterally attack their original sentences. It was just such a chilling effect that the Supreme Court in Pearce sought to prohibit.
I recognize that by limiting trial courts upon resentencing to imposition of the original term of imprisonment, these defendants will gain something of a "windfall" in that the total length of time during which they will be subject to some form of state supervision will be reduced. Similarly, I recognize that, had the trial courts which originally sentenced Beech, Pendley, and Adams foreseen the majority opinion in Villery, lengthier periods of incarceration likely would have been meted out from the outset. Be that as it may, this Court has seen fit to retroactively invalidate a sentencing alternative and to allow those sentenced thereunder to have their now illegal sentencing order corrected. We may not now deter the exercise of that right by sanctioning the imposition, upon resentencing, of harsher sentences in the form of lengthier periods of incarceration.
*87 Since the Court is disinclined to recognize the overbreadth of Villery, I must dissent from the majority's conclusion here that the sentences imposed upon the petitioners do not deprive them of due process. I would remand to the trial court with instruction that, in the absence of evidence of identifiable conduct on the part of petitioners occurring after the time of the original sentences, petitioners' sentences be reduced to the term of incarceration originally imposed.[3]
NOTES
[*] Adams v. State, 414 So.2d 1079 (Fla. 1st DCA 1982); Beech v. State, 411 So.2d 1384 (Fla. 1st DCA 1982).
[1] § 948.01(4), Fla. Stat. (1979), provides:

(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
[2] Beech was originally sentenced to 15 years' imprisonment, with the balance of the sentence to be suspended after six years, to be followed by six years of probation. He was resentenced to 12 years in prison. Pendley was originally sentenced to 15 years in prison, provided that after 10 years the balance of the sentence be suspended, to be followed by five years of probation. Like Beech, Pendley was resentenced to a flat 12-year prison term. Adams was first sentenced to 15 years' probation with the condition that he serve the first two years in prison. Upon resentencing, he received a straight 10-year prison term.
[3] Of course the proper thing for this Court to do is to revisit that erroneous portion of Villery discussed above and remand these cases with instructions to reinstate the original sentences imposed.