POLEN, J.
 

 Appellant, Thomas L. Stephens, timely appeals the trial court’s entry of his guilty plea and denial of his motion to correct sentence on the charge of aggravated battery with a deadly weapon. We affirm the trial court’s entry of appellant’s guilty plea without further discussion; however, as to the second issue, we reverse and remand this case for resentencing.
 

 Appellant was charged in connection with an incident in which he threw a broken glass bottle at a woman, and struck her in the face. The broken bottle lacerated and permanently blinded the woman’s left eye.
 

 After accepting appellant’s guilty plea, the trial court sentenced him to 15 years of probation with 51.45 months in prison as a condition of probation. In appellant’s 3.800(b)(2) motion to correct sentence, he moved to eliminate the “condition of probation” language in the imprisonment order
 
 *255
 
 and to strike the additional 15 year probationary term. Fla. R.Crim. P. 3.800(b)(2). In response, the trial court resentenced appellant to 14 years and 5 months probation with 51.45 months in prison as a special condition of probation. The sentence is illegal under Florida statutory law. The State correctly agrees that resentencing is necessary.
 

 Section 948.03(2) of the Florida Statutes (2007) provides:
 

 [I]f the court withholds adjudication of guilt or imposes
 
 a period of incarceration as a condition of probation, the period shall not exceed 364- days,
 
 and incarceration shall be restricted to either a county facility, a probation and restitution center under the jurisdiction of the Department of Corrections, a probation program drug punishment phase I secure residential treatment institution, or a community residential facility owned or operated by any entity providing such services.
 

 (Emphasis added.) Here, the imposed 51.45 month jail sentence exceeds 364 days and is thus improper, as appellant argues and the State concedes. The Florida Supreme Court has given guidelines for correcting sentences of this nature.
 
 See Beech v. State,
 
 436 So.2d 82 (Fla.1983) (instructing that a trial judge may impose a sentence of imprisonment no longer than the originally ordered combined period of incarceration and probation in correcting a voidable order of punishment for a criminal offense).
 

 Accordingly, we reverse and remand for resentencing consistent with this opinion.
 

 WARNER and TAYLOR, JJ., concur.